1  Dennis L. Kennedy
   Nevada Bar No. 1462
2  Sarah E. Harmon
   Nevada Bar No. 8106
3  BAILEY❖KENNEDY
   8984 Spanish Ridge Avenue
4  Las Vegas, Nevada  89148-1302
   Telephone: (702) 562-8820
5  Facsimile: (702) 562-8821
   dkennedy@baileykennedy.com
6  sharmon@baileykennedy.com

7  Attorneys for Defendants/Counter-Claimants
   DAVID URQUHART and WESTHAMPTON, LTD.

8
                **UNITED STATES DISTRICT COURT**
9
                    **DISTRICT OF NEVADA**
10

11 ABIGAIL INVESTMENTS LLC, a Nevada limited       Case No. 09-CV-1174-(LRH) (GF)
   liability company,

12              Plaintiff,

13        v.                                        **DEFENDANT DAVID
                                                    URQUHART'S ANSWER TO
14 DAVID URQUHART, an individual,                   PLAINTIFF'S COMPLAINT
                                                    AND JURY DEMAND AND
15              Defendant.                          COUNTER-CLAIMANTS
                                                    DAVID URQUHART AND
16 ─────────────────────────────────────           WESTHAMPTON, LTD.'S
                                                    COUNTER-COMPLAINT
17 DAVID URQUHART, an individual; and              AND JURY DEMAND
   WESTHAMPTON, LTD., a Canadian entity,

18              Counter-claimants,

19        v.

20 ABIGAIL INVESTMENTS, LLC, a Nevada limited
   liability company; MAINLAND RESOURCES, INC., a
21 Nevada corporation; ROBERT FEDUN, an individual;
   SIMEON KING HORTON, an individual; MICHAEL
22 NEWPORT, an individual; BRENT PIERCE, an
   individual; GINO CICCI, an individual; VAUGHN
23 BARBON, an individual; EMPIRE STOCK
   TRANSFER, INC., a Nevada corporation; WILLIAM
24 THOMAS, an individual; MORGAN CREEK ENERGY
   CORPORATION, a Nevada corporation; PIERCO
25 PETROLEUM, INC., an Oklahoma corporation;

1  PIERCO ENERGY COPRORATION, an Oklahoma
corporation; BYRON  COULTHARD, and individual;
2  ERNEST SOROCHAN, an individual; ANGELO
VIARD, an individual; MARCUS JOHNSON, an
individual; THOMAS MARKHAM, II, an individual; D.
3  BRUCE HORTON, an individual; BLAKE BOX, an
individual; STEPHEN JEWETT, an individual; ERIK
4  ESSIGER, an individual; PETER WILSON, an
individual; and DOES I-X, inclusive;
5
Counter-defendants.
6

7  **DEFENDANT DAVID URQUHART'S ANSWER TO PLAINTIFF'S COMPLAINT**

8  Except as expressly admitted, qualified, or otherwise answered herein, Defendant David

9  Urquhart ("Mr. Urquhart") denies each and every allegation of Plaintiff Abigail Investments

10  LLC's ("Abigail") Complaint.  Mr. Urquhart answers Abigail's Complaint as follows:

11  **THE PARTIES**

12  1.      In response to the allegations contained in paragraph 1 of the Complaint, Mr.

13  Urquhart states that he is without knowledge or information sufficient to form a belief as to the

14  truth or falsity of the allegations that purport to apply to Abigail and, on that basis, denies them.

15  Mr. Urquhart otherwise denies the remaining allegations contained in paragraph 1.

16  2.      Mr. Urquhart admits the allegations contained in paragraph 2 of the Complaint.

17  3.      Mr. Urquhart believes that the allegations contained in paragraph 3 of the

18  Complaint do not require a response, because they assert legal conclusions, rather than stating

19  factual allegations.  To the extent any response is required, Mr. Urquhart denies the allegations

20  contained in paragraph 3.

21  **GENERAL ALLEGATIONS**

22  4.      In response to the allegations contained in paragraph 4 of the Complaint, Mr.

23  Urquhart admits that he served as a director of Mainland Resources, Inc.  Mr. Urquhart denies

24  the remaining allegations contained in paragraph 4.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 2 of 78

5.      In response to the allegations contained in paragraph 5 of the Complaint, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that purport to apply to a third party and, on that basis, denies them.  Mr. Urquhart otherwise denies the remaining allegations contained in paragraph 5.

6.      In response to the allegations contained in paragraph 6 of the Complaint, Mr. Urquhart admits that on April 8, 2008, he entered into separate agreements with Abigail, Robert Fedun, Simeon King, and Michael Newport for the receipt of 500,000 shares of Mainland Resources, Inc.'s stock.  Mr. Urquhart denies the remaining allegations contained in paragraph 6.  Furthermore, Mr. Urquhart states that the "Separate Agreements" speak for themselves.

7.      In response to the allegations contained in paragraph 7 of the Complaint, Mr. Urquhart states that the "Separate Agreements" speak for themselves.  Mr. Urquhart otherwise denies the allegations contained in paragraph 7.

8.      In response to the allegations contained in the first paragraph 8 of the Complaint, Mr. Urquhart admits that he did not remit payment to Abigail, Robert Fedun, Simeon King, or Michael Newport in exchange for the 500,000 shares of Mainland Resources, Inc.'s stock.  Mr. Urquhart denies the remaining allegations contained in the first paragraph 8.

9.      In response to the allegations contained in the second paragraph 8 of the Complaint, Mr. Urquhart states that the "Separate Agreements" speak for themselves.  Mr. Urquhart otherwise denies the allegations contained in the second paragraph 8.

10.     In response to the allegations contained in paragraph 9 of the Complaint, Mr. Urquhart admits that on May 29, 2008, Mainland Resources, Inc.'s stock underwent a split of 1.5:1, and that as a result of this split, Mr. Urquhart was entitled to 750,000 shares of Mainland Resources, Inc.'s stock.  Mr. Urquhart denies the remaining allegations contained in paragraph 9.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

11.     In response to the allegations contained in paragraph 10 of the Complaint, Mr. Urquhart states that the "Subsequent Agreement" speaks for itself.  Furthermore, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 that purport to apply to Abigail and/or third parties and, on that basis, denies them.  Mr. Urquhart otherwise denies the remaining allegations contained in paragraph 10.

12.     In response to the allegations contained in paragraph 11 of the Complaint, Mr. Urquhart states that the "Subsequent Agreement" speaks for itself.  Furthermore, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 that purport to apply to Abigail and/or third parties and, on that basis, denies them.  Mr. Urquhart otherwise denies the remaining allegations contained in paragraph 11.

13.     In response to the allegations contained in paragraph 12 of the Complaint, Mr. Urquhart states that the "Subsequent Agreement" speaks for itself.  Mr. Urquhart otherwise denies the allegations contained in paragraph 12.

14.     In response to the allegations contained in paragraph 13 of the Complaint, Mr. Urquhart states that the "Subsequent Agreement" speaks for itself.  Furthermore, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 that purport to apply to Abigail and/or third parties and, on that basis, denies them.  Mr. Urquhart otherwise denies the remaining allegations contained in paragraph 13.

15.     In response to the allegations contained in paragraph 14 of the Complaint, Mr. Urquhart states that the "Subsequent Agreement" and "Separate Agreements" speak for themselves.  Furthermore, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    that purport to apply to Abigail and/or third parties and, on that basis, denies them.  Mr.

2    Urquhart otherwise denies the remaining allegations contained in paragraph 14.

3         16.    In response to the allegations contained in paragraph 15 of the Complaint, Mr.

4    Urquhart states that he is without knowledge or information sufficient to form a belief as to the

5    truth or falsity of the allegations contained in paragraph 15 that purport to apply to third parties

6    and, on that basis, denies them.  Mr. Urquhart otherwise denies the remaining allegations

7    contained in paragraph 15.

8         17.    In response to the allegations contained in paragraph 16 of the Complaint, Mr.

9    Urquhart admits that he requested that the legend be removed from the stock certificates.  Mr.

10   Urquhart denies the remaining allegations contained in paragraph 16.

11        18.    In response to the allegations contained in paragraph 17 of the Complaint, Mr.

12   Urquhart states that the "demand" speaks for itself.  Furthermore, Mr. Urquhart admits that on

13   February 24, 2009, he was served with a demand to immediately transfer all stock certificates

14   and other documentation representing ownership of the stock of Mainland Resources, Inc. to

15   Abigail.  Mr. Urquhart denies the remaining allegations contained in paragraph 17.

16        19.    In response to the allegations contained in paragraph 18 of the Complaint, Mr.

17   Urquhart admits that he has not transferred stock certificates or other documentation of

18   ownership of shares of stock of Mainland Resources, Inc. to Abigail.  Mr. Urquhart denies the

19   remaining allegations contained in paragraph 18.

## CAUSE OF ACTION

### (Request for Declaratory Relief)

20

21

22        20.    In response to the allegations contained in paragraph 19 of the Complaint, Mr.

23   Urquhart incorporates by this reference each of its responses set forth above.

24        21.    In response to the allegations contained in paragraph 20 of the Complaint, Mr.

25   Urquhart states that he is without knowledge or information sufficient to form a belief as to the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    truth or falsity of the allegations in paragraph 20 that purport to apply to Abigail and, on that

2    basis, denies them.  Furthermore, Mr. Urquhart believes that paragraph 20 does not require a

3    response because it asserts legal conclusions, rather than stating factual allegations.  To the

4    extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 20.

5         22.    In response to the allegations contained in paragraph 21 of the Complaint, Mr.

6    Urquhart states that he is without knowledge or information sufficient to form a belief as to the

7    truth or falsity of the allegations in paragraph 21 that purport to apply to Abigail and, on that

8    basis, denies them.  Furthermore, Mr. Urquhart believes that paragraph 21 does not require a

9    response because it asserts legal conclusions, rather than stating factual allegations.  To the

10   extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 21.

11        23.    In response to the allegations contained in paragraph 22 of the Complaint, Mr.

12   Urquhart states that he is without knowledge or information sufficient to form a belief as to the

13   truth or falsity of the allegations in paragraph 22 that purport to apply to Abigail and, on that

14   basis, denies them.  Furthermore, Mr. Urquhart believes that paragraph 22 does not require a

15   response because it asserts legal conclusions, rather than stating factual allegations.  To the

16   extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 22.

17        24.    Mr. Urquhart believes that paragraph 23 of the Complaint does not require a

18   response because it asserts legal conclusions, rather than stating factual allegations.  To the

19   extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 23.

20        25.    In response to the allegations contained in paragraph 24 of the Complaint, Mr.

21   Urquhart states that NRS 30.030 speaks for itself.  Furthermore, Mr. Urquhart believes that

22   paragraph 24 does not require a response because it asserts legal conclusions, rather than stating

23   factual allegations.  To the extent any response is required, Mr. Urquhart denies the allegations

24   contained in paragraph 24.

25

BAILEY✦KENNEDY
3984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 6 of 78

26.     In response to the allegations contained in paragraph 25 of the Complaint, Mr. Urquhart states that NRS 30.030 speaks for itself.  Furthermore, Mr. Urquhart believes that paragraph 25 does not require a response because it asserts legal conclusions, rather than stating factual allegations.  To the extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 25.

27.     In response to the allegations contained in paragraph 26 of the Complaint, Mr. Urquhart states that NRS 30.040 speaks for itself.  Furthermore, Mr. Urquhart believes that paragraph 26 does not require a response because it asserts legal conclusions, rather than stating factual allegations.  To the extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 26.

28.     In response to the allegations contained in paragraph 27 of the Complaint, Mr. Urquhart states that NRS 30.040 and the "Separate Agreements" speak for themselves. Furthermore, Mr. Urquhart states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 that purport to apply to Abigail and, on that basis, denies them.  Mr. Urquhart also believes that paragraph 27 does not require a response because it asserts legal conclusions, rather than stating factual allegations.  To the extent any response is required, Mr. Urquhart denies the allegations contained in paragraph 27.  Finally, Mr. Urquhart denies that Abigail is entitled to the relief sought in the Complaint.

29.     With respect to the Prayer for Relief appearing after paragraph 27 of the Complaint, Mr. Urquhart denies that the Abigail is entitled to the relief sought in Abigail's "Prayer."

30.     Mr. Urquhart denies each and every allegation not expressly admitted above.

///

///

///

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

And now, having answered Abigail's Complaint, Mr. Urquhart sets forth his affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Mr. Urquhart and further fails to entitle Abigail to the relief sought, or to any other relief whatsoever from Mr. Urquhart.

### SECOND AFFIRMATIVE DEFENSE

Abigail's claims against Mr. Urquhart are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

If, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, then this failure was caused, in whole or in part, by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the Complaint, for whose conduct Mr. Urquhart is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

If, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, then this failure was caused, in whole or in part, by independent, intervening, and/or superseding cause(s) for which Mr. Urquhart may not be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

Even if, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, Abigail's recovery is barred, in whole or in part, by Abigail's failure to mitigate any of its damages allegedly sustained.

///

///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

### SIXTH AFFIRMATIVE DEFENSE

If, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, then this failure was caused, in whole or in part, by the actions of Abigail.

### SEVENTH AFFIRMATIVE DEFENSE

If, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, then this failure was caused, in whole or in part, by Abigail's own negligence, carelessness, poor business judgment, and/or such acts or omissions of its authorized agents.

### EIGHTH AFFIRMATIVE DEFENSE

If, as alleged, Mr. Urquhart failed to fulfill conditions precedent to the "Separate Agreements," which is specifically denied, Abigail waived and/or ratified this alleged failure.

### NINTH AFFIRMATIVE DEFENSE

Abigail's claims are barred by its own fraudulent conduct.

### TENTH AFFIRMATIVE DEFENSE

Mr. Urquhart has been forced to retain the services of an attorney to defend this action, and Mr. Urquhart is entitled to reasonable attorney's fees and costs of suit incurred herein.

### ELEVENTH AFFIRMATIVE DEFENSE

Mr. Urquhart reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Mr. Urquhart has not yet completed a thorough investigation and study of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement his Answer, and to plead such further defenses and take

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 9 of 78

1   such further actions as it deems proper and necessary in its defense upon the completion of said

2   investigation and study.

3           WHEREFORE, Mr. Urquhart respectfully requests the Court to dismiss the Complaint

4   with prejudice and grant such further relief as the Court deems proper.

5

6

7   **JURY DEMAND**

8           Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Urquhart demands a jury trial of

9   all issues so triable.

10

11

12   **COUNTER-CLAIMANTS DAVID URQUHART AND WESTHAMPTON, LTD.'S**

13   **COUNTER-COMPLAINT AND JURY DEMAND**

14           Defendant/Counter-claimant David Urquhart ("Mr. Urquhart") and, pursuant to Federal

15   Rule of Civil Procedure 13(h), Counter-Claimant Westhampton, Ltd. ("Westhampton"), through

16   their undersigned counsel of record, bring the following counterclaims against Plaintiff/Counter-

17   defendant Abigail Investments, LLC ("Abigail"), and, pursuant to Federal Rule of Civil

18   Procedure 13(h), brings the following counterclaims against additional Counter-defendants

19   Mainland Resources, Inc. ("Mainland"), Robert Fedun ("Mr. Fedun"), Simeon King Horton

20   ("Ms. Horton"), Michael Newport ("Mr. Newport"), Brent Pierce ("Mr. Pierce"), Gino Cicci

21   ("Mr. Cicci"), Vaughn Barbon ("Mr. Barbon"), Empire Stock Transfer, Inc. ("Empire"),

22   William Thomas ("Mr. Thomas"), Morgan Creek Energy Corporation ("Morgan Creek"), Pierco

23   Petroleum, Inc. ("Pierco"), Pierco Energy Corporation ("Pierco Energy"), Byron Coulthard

24   ("Mr. Coulthard"), Ernest Sorochan ("Mr. Sorochan"), Angelo Viard ("Mr. Viard"), Marcus

25   Johnson ("Mr. Johnson"), Thomas Markham, II ("Mr. Markham"), D. Bruce Horton ("Mr.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 10 of 78

Horton"), Blake Box ("Mr. Box"), Stephen Jewett ("Mr. Jewett"), Erik Essiger ("Mr. Essiger"),

and Peter Wilson ("Mr. Wilson") (collectively, with Abigail, referred to as "Counter-

defendants"), and alleges as follows:

## PARTIES

1.      Mr. Urquhart is an individual residing in Alberta, Canada.

2.      Westhampton is a Canadian entity with its principal place of business in Alberta,

Canada.

3.      Mr. Urquhart is the owner of Westhampton.

4.      Mr. Urquhart and Westhampton are informed and believe that Abigail is a

Nevada limited liability company.

5.      Mr. Urquhart and Westhampton are informed and believe that Mainland is a

Nevada corporation, with its principal place of business in Houston, Texas.

6.      Mr. Urquhart and Westhampton are informed and believe that Mr. Fedun is a

resident of Alberta, Canada.

7.      Mr. Urquhart and Westhampton are informed and believe that Ms. Horton is a

resident of Louisiana.

8.      Mr. Urquhart and Westhampton are informed and believe that Mr. Newport is a

resident of Texas.

9.      Mr. Urquhart and Westhampton are informed and believe that Mr. Pierce is a

resident of British Columbia, Canada.

10.      Mr. Urquhart and Westhampton are informed and believe that Mr. Cicci is a

resident of British Columbia, Canada.

11.      Mr. Urquhart and Westhampton are informed and believe that Mr. Barbon is a

resident of British Columbia, Canada.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

12.     Mr. Urquhart and Westhampton are informed and believe that Empire is a Nevada corporation with its principal place of business in Henderson, Nevada.

13.     Mr. Urquhart and Westhampton are informed and believe that Mr. Thomas is a resident of British Columbia, Canada.

14.     Mr. Urquhart and Westhampton are informed and believe that Morgan Creek is a Nevada corporation with its principal place of business in Dallas, Texas.

15.     Mr. Urquhart and Westhampton are informed and believe that Pierco is an Oklahoma corporation with its principal place of business in Vancouver, British Columbia, Canada.

16.     Mr. Urquhart and Westhampton are informed and believe that Pierco Energy is an Oklahoma corporation with its principal place of business in Texas.

17.     The current residence of Mr. Coulthard is unknown to Mr. Urquhart and Westhampton at this time.

18.     Mr. Urquhart and Westhampton are informed and believe that Mr. Sorochan is a resident of Calgary, Alberta, Canada.

19.     The current residence of Mr. Viard is unknown to Mr. Urquhart and Westhampton at this time.

20.     Mr. Urquhart and Westhampton are informed and believe that Mr. Johnson is a resident of Washington.

21.     Mr. Urquhart and Westhampton are informed and believe that Mr. Markham is a resident of Texas.

22.     Mr. Urquhart and Westhampton are informed and believe that Mr. Horton is a resident of British Columbia, Canada.

23.     Mr. Urquhart and Westhampton are informed and believe that Mr. Box is a resident of British Columbia, Canada.

BAILEY✤KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 12 of 78

24.     Mr. Urquhart and Westhampton are informed and believe that Mr. Jewett is a resident of British Columbia, Canada.

25.     The current residence of Mr. Essiger is unknown to Mr. Urquhart and Westhampton at this time.

26.     Mr. Urquhart and Westhampton are informed and believe that Mr. Wilson is a resident of Texas.

27.     The true names and capacities of the counter-defendants named herein as Does I-X, inclusive, are unknown to Mr. Urquhart and Westhampton, who therefore sue said counter-defendants by such fictitious names.  Mr. Urquhart and Westhampton will amend this Counter-Complaint to allege the true names and capacities of said counter-defendants when ascertained.  Mr. Urquhart and Westhampton are informed and believe and thereon allege that each of the DOE counter-defendants is liable to Mr. Urquhart and/or Westhampton for the events alleged herein.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction over Mr. Urquhart and Westhampton's counterclaims pursuant to 28 U.S.C. § 1367, because they arise out of the same transaction as Abigail's claims, namely the purchase and sale of shares of stock of Mainland and related transactions.

29.     This Court has personal jurisdiction over the Counter-defendants, because Abigail, Mainland, Morgan Creek, and Empire are Nevada limited liability companies and/or corporations and each of the individual counter-defendants is personally involved with the operation and management of, and/or is the agent or alter ego of, Abigail, Mainland, and/or Morgan Creek.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  30. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the

2 property that is the subject of this action is the stock of Nevada corporations in this judicial

3 district.

4          **FACTUAL ALLEGATIONS**

5  31. Mainland is an independent oil and gas exploration, development, and production

6 company formed in early 2006.

7  32. Mainland's stock is, and at all relevant times was, traded on the OTC Bulletin

8 Board under the symbol MNLU.OB.

9  33. Mr. Newport was and/or is, at all relevant times of this dispute, the President and

10 Chief Executive Officer of Mainland, and he also serves and/or served on the Board of Directors

11 of Mainland.

12  34. Mr. Fedun was and/or is, at all relevant times of this dispute, the Secretary,

13 Treasurer, and Chief Financial Officer of Mainland, and he also serves and/or served on the

14 Board of Directors of Mainland.

15  35. Ms. Horton was and/or is, at all relevant times of this dispute, the Chief Geologist

16 of Mainland, and she also serves or served on the Board of Directors of Mainland.

17  36. Morgan Creek is an independent oil exploration, development, and production

18 company formed in 2005.

19  37. Morgan Creek's stock is, and at all relevant times was, traded on the OTC

20 Bulletin Board under the symbol MCKE.OB.

21  38. Mr. Urquhart and Westhampton are informed and believe that Mr. Thomas was

22 and/or is, at all relevant times of this dispute the Chief Financial Officer of both Mainland and

23 Morgan Creek, and Mr. Thomas serves and/or served on the Board of Directors of both

24 Mainland and Morgan Creek.

25

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 14 of 78

1     39.     Mr. Urquhart served as a director of Mainland from in or around March or April

2   2008 to in or around August or September 2008.

3     40.     Mainland has no full-time or part-time employees, and Mr. Newport and/or Mr.

4   Thomas are primarily responsible for the day-to-day operations of Mainland.

5     41.     Morgan Creek also has no full-time or part-time employees, and Mr. Thomas

6   and/or Mr. Wilson are primarily responsible for the day-to-day operations of Morgan Creek.

7     42.     At all times relevant to this dispute between April 2008 and October 2008, Mr.

8   Sorochan and Mr. Viard served as additional directors of Mainland.

9     43.     At all times relevant to this dispute between April 2008 and October 2008, Mr.

10  Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson served

11  as additional directors of Morgan Creek.

12     44.     Mr. Coulthard is the managing member of Abigail.

13     45.     Mr. Urquhart and Westhampton are informed and believe that Mainland's

14  activities and business operations are indirectly controlled and managed by Mr. Pierce.

15     46.     Mr. Urquhart and Westhampton are informed and believe that Abigail's activities

16  and business operations are directly and/or indirectly controlled and managed by Mr. Pierce

17  and/or Mainland.

18     47.     Mr. Urquhart and Westhampton are informed and believe that Morgan Creek is

19  indirectly related to Mainland.

20     48.     Mr. Urquhart and Westhampton are informed and believe that Abigail is

21  indirectly related to Mainland.

22     49.     Mr. Urquhart and Westhampton are informed and believe that Morgan Creek's

23  activities and business operations are indirectly controlled and managed by Mr. Pierce.

24     50.     Mr. Urquhart and Westhampton are informed and believe that Mr. Pierce, Mr.

25  Cicci, and/or Mr. Barbon are express, implied, and/or apparent agents of Abigail, Mr. Fedun,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 15 of 78

1 | Ms. Horton, and/or Mr. Newport and they operated and served in this capacity in their dealings

2 | with Mr. Urquhart and in the negotiation and execution of stock transfer agreements with Mr.

3 | Urquhart.

4 | 51.     Mr. Urquhart and Westhampton are informed and believe that Mr. Pierce, Mr.

5 | Cicci, and/or Mr. Barbon are express, implied, and/or apparent agents of Mainland, and they

6 | operated and served in this capacity in their dealings with Mr. Urquhart and Westhampton and

7 | in the negotiation and execution of stock option agreements and/or a consulting agreement with

8 | Mr. Urquhart and Westhampton.

9 | 52.     Mr. Urquhart and Westhampton are informed and believe that Mr. Pierce, Mr.

10 | Cicci, and/or Mr. Barbon are express, implied, and/or apparent agents of Morgan Creek, and

11 | they operated and served in this capacity in their dealings with Urquhart and Westhampton and

12 | in the negotiation and execution of stock transfer agreements, stock option agreements,

13 | executive service agreements, and/or consulting and/or management agreements with Mr.

14 | Urquhart and Westhampton.

15 | 53.     Ms. Dalmy is the attorney for Mainland, Abigail, Morgan Creek, Pierco, and

16 | Pierco Energy.

17 | 54.     Mr. Urquhart and Westhampton are informed and believe that Empire acts as a

18 | registered transfer agent for the transfer of securities, and that Empire is the transfer agent for

19 | the shares of Mainland's stock.

20 | 55.     Mr. Urquhart and Westhampton are informed and believe that Mr. Pierce directly

21 | and/or indirectly controls and manages Pierco and Pierco Energy.

22 | 56.     Mr. Urquhart and Westhampton are informed and believe that Mr. Cicci, and/or

23 | Mr. Barbon are the employees and/or express, implied, and/or apparent agents of Pierco and/or

24 | Pierco Energy, and they operated and served in this capacity in their dealings with Mr. Urquhart

25 |

BAILEY❖KENNEDY
984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 16 of 78

1    and Westhampton and in the negotiation and execution of a consulting and/or management

2    agreement with Mr. Urquhart and Westhampton.

3       57. In or about late 2007 and/or early 2008, Mr. Urquhart became involved with

4    Mainland when he began assisting Mainland in evaluating real property in North Louisiana in

5    relation to Mainland's business dealings.  Mr. Urquhart's services in evaluating the property

6    were instrumental to Mainland's business.

7       58. On or about April 8, 2008, Mr. Urquhart met with Mr. Pierce, Mr. Cicci, and Mr.

8    Barbon at the offices of Pierco in Vancouver, British Columbia, Canada ("April Meeting").

9       59. During the April Meeting, Mr. Pierce and/or Mr. Cicci, acting directly and/or

10   indirectly on behalf of Mainland, informed Mr. Urquhart that Mainland wanted to appoint Mr.

11   Urquhart as a director of Mainland.

12      60. During the April Meeting, Mr. Pierce and/or Mr. Cicci, continuing to act directly

13   and/or indirectly on behalf of Mainland, also informed Mr. Urquhart that, as compensation for

14   his assistance with Mainland's Northern Louisiana land deal, he was to receive 500,000 shares

15   of Mainland stock.

16      61. To that end, during the April Meeting, Mr. Pierce, Mr. Cicci, and Mr. Barbon

17   presented Mr. Urquhart with an original stock certificate for 500,000 shares of Mainland stock

18   and four separate purchase and sale contracts, each of which had been pre-signed by the other

19   contracting party.  The other contracting party to the four separate purchase and sale contracts

20   included Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport, respectively ("Four Stock

21   Agreements").

22      62. According to the terms of each of the Four Stock Agreements, the consideration

23   for the purchase and sale of the Mainland stock was $0.0025 per share.  However, Mr. Barbon,

24   acting on behalf of Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport, informed Mr. Urquhart,

25

BAILEY ❖ KENNEDY
1984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 17 of 78

1  during the April Meeting, that Mr. Urquhart did not have to tender the consideration for the

2  Mainland shares and that payment for the shares "had been taken care of."

3     63.    As a result of the April Meeting, on April 21, 2008, the Mainland Board of

4  Directors, consisting of Mr. Newport and Mr. Fedun, issued a resolution appointing Mr.

5  Urquhart as a director of Mainland, effective, retroactively, on March 19, 2008 ("Resolution").

6     64.    The Resolution also adopted a stock option plan that allowed directors of

7  Mainland to acquire and maintain stock ownership in the company.  Specifically, Mr. Urquhart

8  was given 600,000 shares of stock options at an exercise price of $1.75 per common share.

9     65.    The conveying of 600,000 shares of Mainland stock options to Mr. Urquhart was

10  also confirmed in or about April 2008, through the execution of a written stock option plan

11  agreement which was effective, retroactively, as of April 7, 2008.

12     66.    In or about April 2008, Morgan Creek also entered into an oral and/or written

13  agreement for the transfer of approximately 1,563,333 shares of stock in Morgan Creek to Mr.

14  Urquhart.

15     67.    In or about April 2008, Mr. Barbon, acting directly and/or indirectly on behalf of

16  Morgan Creek, informed Mr. Urquhart that he did not have to tender consideration for the shares

17  of stock in Morgan Creek.

18     68.    On or about April 22, 2008, the Board of Directors of Morgan Creek effected a

19  reverse stock split of one for three shares (1:3) issued and outstanding, thereby consolidating the

20  number of issued shares and reducing Mr. Urquhart's shares of Morgan Creek stock to 521,111

21  shares.

22     69.    On April 30, 2008, Mr. Urquhart and Westhampton entered into an executive

23  services agreement with Morgan Creek ("Morgan Creek Agreement"), pursuant to which Mr.

24  Urquhart was appointed President, Chief Executive Officer, and director of Morgan Creek.

25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 18 of 78

70. Pursuant to the Morgan Creek Agreement, Mr. Urquhart and Westhampton were to receive $10,000.00 a month as a service fee for consulting and management services and remuneration of all reasonable expenses incurred in the performance of their services under the agreement.

71. The Morgan Creek Agreement also provides that Mr. Urquhart was to receive 500,000 shares of stock options in Morgan Creek at an exercise price of $1.00 per share.

72. In or around April or May 2008, Mr. Cicci, acting directly and/or indirectly on behalf of Morgan Creek, confirmed to Mr. Urquhart that Morgan Creek intended to pay Mr. Urquhart and Westhampton $10,000.00 a month for Mr. Urquhart and Westhampton's consulting and/or management services.

73. On May 5, 2008, the Board of Directors of Morgan Creek held a special meeting, and, pursuant to the minutes of this meeting, Morgan Creek confirmed that despite the April 22, 2008 reverse stock split, Morgan Creek had granted Mr. Urquhart 500,000 shares of stock options in Morgan Creek.

74. On May 12, 2008, Mainland authorized and approved a forward stock split of 1.5 for one (1.5:1) of its total issued and outstanding shares of common stock. As a result of the stock split, Mr. Urquhart's share ownership increased to 750,000 shares of Mainland stock, and his share options increased to 900,000 options at an option strike price of $1.16.

75. In or about April 2008 or May 2008, Mr. Cicci, acting directly and/or indirectly on Mainland's behalf, entered into a verbal consulting services agreement with Mr. Urquhart and Westhampton, pursuant to which Mainland agreed to pay Mr. Urquhart and Westhampton $5,000.00 per month for their consulting services.

76. In or about April 2008 or May 2008, Mr. Cicci, acting directly and/or indirectly on Pierco's and/or Pierco Energy's behalf, entered into a verbal consulting and/or management services agreement with Mr. Urquhart and Westhampton, pursuant to which Pierco and/or

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 19 of 78

1  Pierco Energy agreed to pay Mr. Urquhart and Westhampton $5,000.00 per month for their

2  consulting and/or management services.

3      77.    During his time as a director of Mainland, Mr. Urquhart raised concerns about

4  overly-optimistic and, at times, misleading press releases issued by Mainland concerning the

5  drilling and well results of some of Mainland's oil and gas properties.  Mr. Urquhart informed

6  Mainland that he did not want to be party to such news releases.

7      78.    As a result, on or about August 8, 2008, Ms. Dalmy, acting in her capacity as

8  counsel for Mainland, Morgan Creek, Pierco, and Pierco Energy, sent Mr. Urquhart a letter

9  ("Termination Letter") advising that Mainland and Morgan Creek were heading in a "new

10  direction in corporate governance and management," and that this required "strategic changes in

11  the style and emphasis of management and board of director personnel."  Specifically, Mr.

12  Urquhart was informed that Mainland and Morgan Creek had decided to replace him as a

13  director of Mainland and as director, President, and Chief Executive Officer of Morgan Creek;

14  however, the Termination Letter expressly stated that the termination of Mr. Urquhart's

15  positions with Mainland and Morgan Creek were not intended to reflect adversely on the

16  contributions he had made for both companies.

17      79.    The Termination Letter also informed Mr. Urquhart and Westhampton that they

18  were entitled to a one-month termination fee of $10,000.00, pursuant to the terms of the Morgan

19  Creek Agreement, which was also terminated by the Termination Letter.

20      80.    The Termination Letter further provided that Mr. Urquhart and Westhampton

21  would be paid a 30-day service fee of $10,000.00 in lieu of a Notice of Termination in relation

22  to the termination of their verbal agreement with "certain private companies forming the Pierco

23  Group" for consulting services.

81.     The Termination Letter also stated that Mr. Urquhart had ninety (90) days to exercise his Mainland and Morgan Creek stock options, with the right to exercise the options terminating on November 6, 2008.

82.     Finally, the Termination Letter stated that all shares of common stock issued to Mr. Urquhart by Mainland and Morgan Creek would be retained by Mr. Urquhart.  The Termination Letter did not demand payment for the stock transfers set forth in the Four Stock Agreements or in the stock transfer agreement between Mr. Urquhart and Morgan Creek, and the Termination Letter did not reference any monies being due and owing for such transactions.

83.     On August 8, 2008, in response to the Termination Letter, Mr. Urquhart gave the Board of Directors of Mainland a written notice of resignation as director.

84.     On April 8, 2008, Mr. Urquhart and Westhampton also sent Mr. Barbon four invoices demonstrating that: (a) Mainland owed Mr. Urquhart and Westhampton $5,250.00 for engineering services; (2) Morgan Creek owed Mr. Urquhart and Westhampton $10,500.00 for management services; (c) Pierco and/or Pierco Energy owed Mr. Urquhart and Westhampton $5,250.00 for management services; and (d) Morgan Creek owed Mr. Urquhart and Westhampton $5,187.27 for various incurred expenses.

85.     In response to the Termination Letter, on August 19, 2008, Mr. Urquhart's and Westhampton's attorney sent a letter to Ms. Dalmy requesting confirmation that: (a) Mr. Urquhart owns 750,000 shares of stock in Mainland that has been fully paid for and were not restricted; (2) Mr. Urquhart owns 900,000 shares of unrestricted stock options in Mainland at a strike price of $1.166; (3) Mr. Urquhart owns approximately 521,111 shares of stock in Morgan Creek; and (4) Mr. Urquhart owns 500,000 shares of stock options in Morgan Creek at a strike price of $1.00.

86.     On September 2, 2008, Ms. Dalmy sent Mr. Urquhart's and Westhampton's counsel a letter confirming Mr. Urquhart's ownership of the stock and stock options in

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 21 of 78

1   Mainland, and she promised to provide similar confirmation of ownership of the stock and stock

2   options in Morgan Creek at a future date ("September Letter").

3       87.    The September Letter also confirms that the only restriction placed on Mr.

4   Urquhart's right to sell and/or transfer his 750,000 shares of Mainland stock was his compliance

5   with Rule 144 of the Securities Act of 1933, relating to the timing of a sale or transfer of stock

6   and limitations on the volume of securities sold or transferred.

7       88.    A few days later, counsel for Mr. Urquhart and Westhampton informed Ms.

8   Dalmy, in writing, that Mr. Urquhart would start selling his shares of Mainland common stock

9   on October 8, 2008, the first day he could do so pursuant to Rule 144 of the Securities Act of

10   1933, and that his brokerage dealer would be RBC Dominion Securities, Inc.  Mr. Urquhart's

11   and Westhampton's counsel also requested information on the volume limitations for the sale of

12   the stock and asked that Mr. Urquhart be given 180 days, rather than 90 days, in which to

13   exercise his stock options.

14       89.    On September 7, 2008, Ms. Dalmy e-mailed Mr. Urquhart's and Westhampton's

15   counsel and Mr. Barbon and advised as to the volume limitations on the sale of the common

16   stock of Mainland.  Ms. Dalmy also stated that she would ask "management" about extending

17   the option exercise period to 180 days.

18       90.    On September 8, 2008, Mr. Cicci, acting indirectly or directly on behalf of

19   Mainland, called Mr. Urquhart and asked Mr. Urquhart to keep their conversation confidential.

20   Mr. Cicci stated that Mainland was prepared to extend Mr. Urquhart's option-exercise period to

21   one year if Mr. Urquhart cooperated with Mainland in controlling its stock price.  Specifically,

22   Mr. Cicci asked Mr. Urquhart to postpone the sale of shares of common stock in Mainland until

23   the following year and to sell the stock in a volume significantly below the volume limitations

24   imposed by Rule 144 of the Securities Act of 1933, as Mainland was trying to increase its stock

25   price during the drilling of Mainland's Petrohawk Well.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

91.     On September 8, 2008, Mr. Urquhart responded by informing Mr. Cicci that he had intended to liquidate $1 million in Mainland stock by the end of 2008, and that this required only approximately 166,000 shares of stock to be liquidated – approximately 1/3 of the allowable limit pursuant to Rule 144 of the Securities Act of 1933.  Mr. Urquhart further informed Mr. Cicci that he would limit the sale of his stock to such amounts if Mainland agreed to extend his option-exercise period to 12 months for 300,000 shares of stock options, 18 months for another 300,000 shares of stock options, and 24 months for another 300,000 shares of stock options.

92.     On September 12, 2008, Ms. Dalmy sent counsel for Mr. Urquhart and Westhampton a letter stamped "Without Prejudice," which informed Mr. Urquhart and Westhampton that the settlement terms offered in the Termination Letter were rescinded ("Without Prejudice Letter").  Ms. Dalmy stated that because Mr. Urquhart would not tender his resignation as an executive officer and director of Morgan Creek and Mainland, the Boards of Directors for Mainland and Morgan Creek were formally commencing meetings to remove him from these positions.

93.     The Without Prejudice Letter also terminated the Morgan Creek Agreement, claiming that Morgan Creek's managers, Board of Directors, and investors had "lost confidence in [Mr.] Urquhart's competence to effectively manage and lead [Morgan Creek] in his executive capacity."  Ms. Dalmy further stated that these same reasons applied to the termination of Mr. Urquhart's executive positions with Mainland.

94.     For the first time, in the Without Prejudice Letter, Ms. Dalmy states that she has been informed that Mr. Urquhart had not paid for his shares of stock in either Mainland or Morgan Creek, and that both entities considered this reasonable grounds to refuse to issue the shares to a purported transferee and to refuse to remove the trading restrictions on the shares.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 23 of 78

95.     Mr. Dalmy further stated in the Without Prejudice Letter that the Board of Directors of Morgan Creek was reconsidering the "appropriateness" of giving Mr. Urquhart 500,000 shares of stock options in Morgan Creek for "less than six months' employment."

96.     In or about September 2008 and/or October 2008, Mainland expressly and/or impliedly threatened, through the Without Prejudice letter and subsequent communications between Mainland and/or its agents and Mr. Urquhart and/or his agents, that its Board of Directors was also reconsidering its transfer of the 900,000 shares of stock options in Mainland to Mr. Urquhart.

97.     On or about October or November 2008, Mr. Urquhart attempted to sell his 750,000 shares of common stock, and his brokerage dealer, RBC Dominion Securities, Inc. was informed by Empire that Empire has been instructed not to remove the restrictions from Mr. Urquhart's stock certificate for the Mainland stock.  RBC Dominion Securities, Inc. then began investigating Mainland's refusal to remove the restrictions.

98.     Mr. Urquhart is informed and believes that Mainland, at the direction, instruction, and/or request of Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, and/or Mr. Barbon instructed Empire to place a legend on Mr. Urquhart's stock certificate preventing the sale or transfer of his 750,000 shares of Mainland stock until Mr. Urquhart had paid for the stock pursuant to the terms of the Four Stock Agreements.

99.     Because Mainland would not remove the restrictions and/or legends from Mr. Urquhart's stock certificate, Mr. Urquhart was prevented from liquidating his stock at a time when the Mainland stock price was fluctuating between $5.00-$7.00 per share.

100.     Furthermore, because Mr. Urquhart could not liquidate his shares of common stock in Mainland or Morgan Creek, Mr. Urquhart was prevented from using the funds gained from the liquidation to exercise his stock options in Mainland and Morgan Creek.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 24 of 78

101.    Moreover, because Mr. Urquhart could not liquidate his shares of common stock in Mainland or Morgan Creek, Mr. Urquhart could not get bankers or brokers to loan him funds against the stock in order to exercise his stock options in Mainland and Morgan Creek.

102.    Finally, because Mainland and Morgan Creek implied, suggested, and/or represented that they were considering revoking Mr. Urquhart's stock options, Mr. Urquhart could not risk using other sources of income to exercise his stock options for shares of stock that may never ultimately be issued to him.

103.    Mr. Urquhart is informed and believes that on or about October 30, 2008, Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and Mainland executed an agreement pursuant to which they declared as void and rescinded the Four Stock Agreements with Mr. Urquhart. Mr. Urquhart is also informed and believes that Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport transferred Mr. Urquhart's 750,000 shares of Mainland stock to Abigail, and Mr. Fedun, Ms. Horton, and Mr. Newport assigned their rights to sue Mr. Urquhart pursuant to the terms of the Four Stock Agreements to Abigail.

104.    On February 24, 2009, Abigail's counsel sent a letter to Mr. Urquhart's counsel demanding that Mr. Urquhart transfer all stock certificates and other documentation representing ownership in shares of Mainland to Abigail.

105.    On July 13, 2009, Mainland authorized and approved a forward stock split of 2 for one (2:1) of its total issued and outstanding shares of common stock. As a result of the stock split, Mr. Urquhart's share ownership increased to 1,500,000 shares of Mainland stock, and his share options increased to 1,800,000 options at an option strike price of $0.585.

106.    To date, Mr. Urquhart has been prevented from selling or transferring his 1,500,000 shares of Mainland stock and his approximately 521,111 shares of Morgan Creek stock.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 25 of 78

1       107.    To date, Mr. Urquhart has been prevented from exercising his 1,800,000 shares

2   of stock options in Mainland stock and his 500,000 shares of stock options in Morgan Creek

3   stock.

4       108.    To date, Mr. Urquhart and Westhampton have not been paid for the consulting

5   and/or managing services provided to Mainland, Morgan Creek, Pierco, and/or Pierco Energy,

6   and Morgan Creek has not reimbursed Mr. Urquhart and Westhampton for the expenses he

7   incurred on Morgan Creek's behalf.

8       109.    At this time, Mr. Urquhart and Westhampton are not able to plead fraud with any

9   more particularity, as most of the facts which demonstrate the Counter-defendants' fraudulent

10  scheme are within the Counter-defendants' peculiar knowledge and possession.  This is

11  particularly true of the facts which demonstrate the nature and extent of the direct and indirect

12  relationships between the Counter-defendants.  However, based upon the above facts which

13  support a strong inference of fraud, Mr. Urquhart and Westhampton demand that a relaxed

14  standard for the pleading of fraud be applied to their claims.  Mr. Urquhart and Westhampton

15  believe that if they are permitted to conduct the necessary discovery, they could then move to

16  amend their complaint and allege fraud with the particularity required of F.R.C.P. 9(b).

17                          **FIRST CAUSE OF ACTION**

18                      **(Breach of Contract against Abigail)**

19      110.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

20  contained in paragraphs 1-109, inclusive.

21      111.    Mr. Urquhart was a party to one of the Four Stock Agreements with Abigail.

22      112.    Mr. Urquhart was also a party to an oral agreement with Abigail regarding the

23  fact that he was not required to pay Abigail the purchase price for the stock he received pursuant

24  to the Four Stock Agreements.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 26 of 78

113.    Mr. Urquhart fully and faithfully performed his obligations and duties under said contracts with Abigail, except for those obligations and duties which were excused and/or rendered impossible.

114.    Abigail breached its contracts with Mr. Urquhart.

115.    As a result of Abigail's breaches, Mr. Urquhart has suffered damages in excess of $75,000.00.

116.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## SECOND CAUSE OF ACTION

### (Breach of Contract against Mr. Fedun)

117.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-116, inclusive.

118.    Mr. Urquhart was a party to one of the Four Stock Agreements with Mr. Fedun.

119.    Mr. Urquhart was also a party to an oral agreement with Mr. Fedun regarding the fact that Mr. Urquhart was not required to pay Mr. Fedun the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements.

120.    Mr. Urquhart fully and faithfully performed his obligations and duties under said contracts with Mr. Fedun, except for those obligations and duties which were excused and/or rendered impossible.

121.    Mr. Fedun breached his contracts with Mr. Urquhart.

122.    As a result of Mr. Fedun's breaches, Mr. Urquhart has suffered damages in excess of $75,000.00.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

123. It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## THIRD CAUSE OF ACTION

### (Breach of Contract against Ms. Horton)

124. Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-123, inclusive.

125. Mr. Urquhart was a party to one of the Four Stock Agreements with Ms. Horton.

126. Mr. Urquhart was also a party to an oral agreement with Ms. Horton regarding the fact that Mr. Urquhart was not required to pay Ms. Horton the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements.

127. Mr. Urquhart fully and faithfully performed his obligations and duties under said contracts with Ms. Horton, except for those obligations and duties which were excused and/or rendered impossible.

128. Ms. Horton breached her contracts with Mr. Urquhart.

129. As a result of Ms. Horton's breaches, Mr. Urquhart has suffered damages in excess of $75,000.00.

130. It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## FOURTH CAUSE OF ACTION

### (Breach of Contract against Mr. Newport)

131. Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-130, inclusive.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

132.    Mr. Urquhart was a party to one of the Four Stock Agreements with Mr. Newport.

133.    Mr. Urquhart was also a party to an oral agreement with Mr. Newport regarding the fact that Mr. Urquhart was not required to pay Mr. Newport the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements.

134.    Mr. Urquhart fully and faithfully performed his obligations and duties under said contracts with Mr. Newport, except for those obligations and duties which were excused and/or rendered impossible.

135.    Mr. Newport breached his contracts with Mr. Urquhart.

136.    As a result of Newport's breaches, Mr. Urquhart has suffered damages in excess of $75,000.00.

137.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## FIFTH CAUSE OF ACTION

### (Breach of Contract against Mainland)

138.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-137, inclusive.

139.    Mr. Urquhart was a party to a written stock option agreement with Mainland.

140.    Mr. Urquhart and Westhampton were also parties to an oral consulting agreement with Mainland.

141.    Mr. Urquhart and Westhampton fully and faithfully performed their obligations and duties under said contracts with Mainland, except for those obligations and duties which were excused and/or rendered impossible.

142.    Mainland breached its contracts with Mr. Urquhart and Westhampton.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    143.    As a result of Mainland's breaches, Mr. Urquhart and Westhampton have

2    suffered damages in excess of $75,000.00.

3    144.    It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

4    an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

5    to an award of reasonable attorney's fees and costs incurred in this matter.

6    ### SIXTH CAUSE OF ACTION

7    **(Breach of Contract Against Morgan Creek)**

8    145.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

9    contained in paragraphs 1-144, inclusive.

10    146.    Mr. Urquhart and Westhampton were parties to a written and/or oral executive

11    services agreement with Morgan Creek.

12    147.    Mr. Urquhart is also a party to agreements pursuant to which he received shares

13    of common stock and shares of stock options in Morgan Creek.

14    148.    Mr. Urquhart was also a party to an oral agreement with Morgan Creek regarding

15    the fact that he was not required to pay Morgan Creek the purchase price for the stock he

16    received pursuant to the stock transfer agreements with Morgan Creek.

17    149.    Mr. Urquhart and Westhampton were also parties to an oral consulting and/or

18    management agreement with Morgan Creek.

19    150.    Mr. Urquhart and Westhampton fully and faithfully performed their obligations

20    and duties under said contracts with Morgan Creek, except for those obligations and duties

21    which were excused and/or rendered impossible.

22    151.    Morgan Creek breached its contracts with Mr. Urquhart and/or Westhampton.

23    152.    As a result of Morgan Creek's breaches, Mr. Urquhart and Westhampton have

24    suffered damages in excess of $75,000.00.

25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 30 of 78

153.    It has been necessary for Mr. Urquhart and/or Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### SEVENTH CAUSE OF ACTION

**(Breach of Contract Against Pierco and Pierco Energy)**

154.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-153, inclusive.

155.    Mr. Urquhart and Westhampton were parties to an oral consulting and/or management agreement with Pierco and/or Pierco Energy.

156.    Mr. Urquhart and Westhampton fully and faithfully performed their obligations and duties under said contract with Pierco and/or Pierco Energy, except for those obligations and duties which were excused and/or rendered impossible.

157.    Pierco and/or Pierco Energy breached the contract with Mr. Urquhart and Westhampton.

158.    As a result of Pierco's and/or Pierco Energy's breach, Mr. Urquhart and Westhampton have suffered damages in excess of $75,000.00.

159.    It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### EIGHTH CAUSE OF ACTION

**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Abigail)**

160.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-159, inclusive.

161.    Mr. Urquhart entered into one of the Four Stock Agreements with Abigail, which fully sets forth the duties and obligation running between the parties.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

162.    Mr. Urquhart was also a party to an oral agreement with Abigail regarding the fact that he was not required to pay Abigail the purchase price for the stock he received pursuant to the Four Stock Agreements, and this oral agreement fully sets forth the duties and obligations running between the parties.

163.    Abigail owed a duty of good faith and fair dealing to Mr. Urquhart arising from the contracts.

164.    Abigail was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart.

165.    Mr. Urquhart's justified expectations were denied as a proximate result of Abigail's breaches of the duty of good faith and fair dealing.

166.    As a result of Abigail's breaches, Mr. Urquhart has sustained damages in an amount in excess of $75,000.00.

167.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### NINTH CAUSE OF ACTION
### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Mr. Fedun)

168.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-169, inclusive.

169.    Mr. Urquhart entered into one of the Four Stock Agreements with Mr. Fedun, which fully sets forth the duties and obligation running between the parties.

170.    Mr. Urquhart was also a party to an oral agreement with Mr. Fedun regarding the fact that Mr. Urquhart was not required to pay Mr. Fedun the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements, and this oral agreement fully sets forth the duties and obligations running between the parties.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

171.   Mr. Fedun owed a duty of good faith and fair dealing to Mr. Urquhart arising from the contracts.

172.   Mr. Fedun was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart.

173.   Mr. Urquhart's justified expectations were denied as a proximate result of Mr. Fedun's breaches of the duty of good faith and fair dealing.

174.   As a result of Mr. Fedun's breaches, Mr. Urquhart has sustained damages in an amount in excess of $75,000.00.

175.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### TENTH CAUSE OF ACTION
**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Ms. Horton)**

176.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-175, inclusive.

177.   Mr. Urquhart entered into one of the Four Stock Agreements with Ms. Horton, which fully sets forth the duties and obligation running between the parties.

178.   Mr. Urquhart was also a party to an oral agreement with Ms. Horton regarding the fact that Mr. Urquhart was not required to pay Ms. Horton the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements, and this oral agreement fully sets forth the duties and obligations running between the parties.

179.   Ms. Horton owed a duty of good faith and fair dealing to Mr. Urquhart arising from the contracts.

180.   Ms. Horton was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

181.    Mr. Urquhart's justified expectations were denied as a proximate result of Ms. Horton's breaches of the duty of good faith and fair dealing.

182.    As a result of Ms. Horton's breaches, Mr. Urquhart has sustained damages in an amount in excess of $75,000.00.

183.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### ELEVENTH CAUSE OF ACTION
**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Mr. Newport)**

184.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-183, inclusive.

185.    Mr. Urquhart entered into one of the Four Stock Agreements with Mr. Newport, which fully sets forth the duties and obligation running between the parties.

186.    Mr. Urquhart was also a party to an oral agreement with Mr. Newport regarding the fact that Mr. Urquhart was not required to pay Mr. Newport the purchase price for the stock Mr. Urquhart received pursuant to the Four Stock Agreements, and this oral agreement fully sets forth the duties and obligations running between the parties.

187.    Mr. Newport owed a duty of good faith and fair dealing to Mr. Urquhart arising from the contracts.

188.    Mr. Newport was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart.

189.    Mr. Urquhart's justified expectations were denied as a proximate result of Mr. Newport's breaches of the duty of good faith and fair dealing.

190.    As a result of Mr. Newport's breaches, Mr. Urquhart has sustained damages in an amount in excess of $75,000.00.

BAILEY✠KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 34 of 78

191.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWELFTH CAUSE OF ACTION
### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Mainland)

192.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-191, inclusive.

193.    Mr. Urquhart was a party to a written stock option agreement with Mainland, which fully sets forth the duties and obligation running between the parties.

194.    Mr. Urquhart and Westhampton were also parties to an oral consulting agreement with Mainland, and this oral agreement fully sets forth the duties and obligations running between the parties.

195.    Mainland owed duties of good faith and fair dealing to Mr. Urquhart and Westhampton arising from the contracts.

196.    Mainland was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart and Westhampton.

197.    Mr. Urquhart and Westhampton's justified expectations were denied as a proximate result of Mainland's breaches of the duty of good faith and fair dealing.

198.    As a result of Mainland's breaches, Mr. Urquhart and Westhampton have sustained damages in an amount in excess of $75,000.00.

199.    It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart are Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

///

///

BAILEY✤KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

### THIRTEENTH CAUSE OF ACTION
#### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Morgan Creek)

200.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-199, inclusive.

201.   Mr. Urquhart and Westhampton were parties to a written and/or oral executive services agreement with Morgan Creek, and this agreement fully sets forth the duties and obligations running between the parties.

202.   Mr. Urquhart is also a party to agreements pursuant to which he received shares of common stock and shares of stock options in Morgan Creek, and these agreements fully set forth the duties and obligations running between the parties.

203.   Mr. Urquhart was also a party to an oral agreement with Morgan Creek regarding the fact that he was not required to pay Morgan Creek the purchase price for the stock he received pursuant to the stock transfer agreements with Morgan Creek, and this oral agreement fully sets forth the duties and obligations running between the parties.

204.   Mr. Urquhart and Westhampton were also parties to an oral consulting and/or management agreement with Morgan Creek, and this oral agreement fully sets forth the duties and obligations running between the parties.

205.   Morgan Creek owed duties of good faith and fair dealing to Mr. Urquhart and Westhampton arising from the contracts.

206.   Morgan Creek was unfaithful to the purpose of the contracts, engaging in the activities described herein, to the detriment of Mr. Urquhart and Westhampton.

207.   Mr. Urquhart and Westhampton's justified expectations were denied as a proximate result of Moran Creek's breaches of the duty of good faith and fair dealing.

208.   As a result of Morgan Creek's breaches, Mr. Urquhart and Westhampton have sustained damages in an amount in excess of $75,000.00.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 36 of 78

209.     It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### FOURTEENTH CAUSE OF ACTION
**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing against Pierco and Pierco Energy)**

210.     Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-209, inclusive.

211.     Mr. Urquhart and Westhampton were parties to an oral consulting and/or management agreement with Pierco and/or Pierco Energy, and this agreement fully sets forth the duties and obligations running between the parties.

212.     Pierco and/or Pierco Energy owed duties of good faith and fair dealing to Mr. Urquhart and Westhampton arising from the contract.

213.     Pierco and/or Pierco Energy were unfaithful to the purpose of the contract, engaging in the activities described herein, to the detriment of Mr. Urquhart and Westhampton.

214.     Mr. Urquhart and Westhampton's justified expectations were denied as a proximate result of Pierco's and/or Pierco Energy's breach of the duty of good faith and fair dealing.

215.     As a result of Pierco's and/or Pierco Energy's breach, Mr. Urquhart and Westhampton have sustained damages in an amount in excess of $75,000.00.

216.     It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

///

///

///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1

2

**FIFTEENTH CAUSE OF ACTION**

**(Promissory Estoppel against Abigail)**

3      217.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

4   contained in paragraphs 1-216, inclusive.

5      218.    Abigail intended to transfer some of its shares of stock in Mainland to Mr.

6   Urquhart.

7      219.    Abigail intended to induce Mr. Urquhart to acquire shares of common stock in

8   Mainland with the oral and/or written promise that he need not pay the purchase price of the

9   stock as set forth in one of the Four Stock Agreements between Abigail and Mr. Urquhart.

10     220.    Abigail made this oral and/or written promise to Mr. Urquhart directly and/or

11   indirectly through its agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

12     221.    Mr. Urquhart relied on Abigail's oral and/or written promise concerning the fact

13   that he would not have to pay the purchase price for his shares of common stock in Mainland,

14   and Mr. Urquhart entered into one of the Four Stock Agreements with Abigail.

15     222.    Abigail confirmed this oral and/or written promise on several occasions through

16   its and/or Mainland's agent Ms. Dalmy.

17     223.    Mr. Urquhart was not aware of the fact that Abigail never intended to honor its

18   oral and/or written promises concerning the payment of the purchase price for the Mainland

19   stock, or that Abigail intended to instruct, direct, and/or request that Mainland subsequently

20   place a legend on Mr. Urquhart's shares of Mainland stock preventing Mr. Urquhart from selling

21   and/or transferring the shares on the open market.

22     224.    Abigail is therefore estopped from failing to honor its original oral and/or written

23   promise regarding the fact that Mr. Urquhart was not required to pay the purchase price for the

24   500,000 shares of Mainland stock.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 38 of 78

225.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### SIXTEENTH CAUSE OF ACTION

**(Promissory Estoppel against Mr. Fedun)**

226.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-225, inclusive.

227.    Mr. Fedun intended to transfer some of his shares of stock in Mainland to Mr. Urquhart.

228.    Mr. Fedun intended to induce Mr. Urquhart to acquire shares of common stock in Mainland with the oral and/or written promise that he need not pay the purchase price of the stock as set forth in one of the Four Stock Agreements between Mr. Fedun and Mr. Urquhart.

229.    Mr. Fedun made this oral and/or written promise to Mr. Urquhart directly and/or indirectly through his agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

230.    Mr. Urquhart relied on Mr. Fedun's oral and/or written promise concerning the fact that he would not have to pay the purchase price for his shares of common stock in Mainland, and Mr. Urquhart entered into one of the Four Stock Agreements with Mr. Fedun.

231.    Mr. Fedun confirmed this oral and/or written promise on several occasions through his, Abigail's, and/or Mainland's agent Ms. Dalmy.

232.    Mr. Urquhart was not aware of the fact that Mr. Fedun never intended to honor his oral and/or written promises concerning the payment of the purchase price for the Mainland stock, or that Mr. Fedun intended to instruct, direct, and/or request that Mainland subsequently place a legend on Mr. Urquhart's shares of Mainland stock preventing Mr. Urquhart from selling and/or transferring the shares on the open market.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 39 of 78

233.   Mr. Fedun is therefore estopped from failing to honor his original oral and/or written promise regarding the fact that Mr. Urquhart was not required to pay the purchase price for the 500,000 shares of Mainland stock.

234.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## SEVENTEENTH CAUSE OF ACTION

### (Promissory Estoppel against Ms. Horton)

235.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-234, inclusive.

236.   Ms. Horton intended to transfer some of her shares of stock in Mainland to Mr. Urquhart.

237.   Ms. Horton intended to induce Mr. Urquhart to acquire shares of common stock in Mainland with the oral and/or written promise that he need not pay the purchase price of the stock as set forth in one of the Four Stock Agreements between Ms. Horton and Mr. Urquhart.

238.   Ms. Horton made this oral and/or written promise to Mr. Urquhart directly and/or indirectly through her agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

239.   Mr. Urquhart relied on Ms. Horton's oral and/or written promise concerning the fact that he would not have to pay the purchase price for his shares of common stock in Mainland, and Mr. Urquhart entered into one of the Four Stock Agreements with Ms. Horton.

240.   Ms. Horton confirmed this oral and/or written promise on several occasions through her, Abigail's, and/or Mainland's agent Ms. Dalmy.

241.   Mr. Urquhart was not aware of the fact that Ms. Horton never intended to honor her oral and/or written promises concerning the payment of the purchase price for the Mainland stock, or that Ms. Horton intended to instruct, direct, and/or request that Mainland subsequently

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

place a legend on Mr. Urquhart's shares of Mainland stock preventing Mr. Urquhart from selling and/or transferring the shares on the open market.

242.   Ms. Horton is therefore estopped from failing to honor her original oral and/or written promise regarding the fact that Mr. Urquhart was not required to pay the purchase price for the 500,000 shares of Mainland stock.

243.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## EIGHTEENTH CAUSE OF ACTION

### (Promissory Estoppel against Mr. Newport)

244.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-243, inclusive.

245.   Mr. Newport intended to transfer some of his shares of stock in Mainland to Mr. Urquhart.

246.   Mr. Newport intended to induce Mr. Urquhart to acquire shares of common stock in Mainland with the oral and/or written promise that he need not pay the purchase price of the stock as set forth in one of the Four Stock Agreements between Mr. Newport and Mr. Urquhart.

247.   Mr. Newport made this oral and/or written promise to Mr. Urquhart directly and/or indirectly through his agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

248.   Mr. Urquhart relied on Mr. Newport's oral and/or written promise concerning the fact that he would not have to pay the purchase price for his shares of common stock in Mainland, and Mr. Urquhart entered into one of the Four Stock Agreements with Mr. Newport.

249.   Mr. Newport confirmed this oral and/or written promise on several occasions through his, Abigail's, and/or Mainland's agent Ms. Dalmy.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

250.   Mr. Urquhart was not aware of the fact that Mr. Newport never intended to honor his oral and/or written promises concerning the payment of the purchase price for the Mainland stock, or that Mr. Newport intended to instruct, direct, and/or request that Mainland subsequently place a legend on Mr. Urquhart's shares of Mainland stock preventing Mr. Urquhart from selling and/or transferring the shares on the open market.

251.   Mr. Newport is therefore estopped from failing to honor his original oral and/or written promise regarding the fact that Mr. Urquhart was not required to pay the purchase price for the 500,000 shares of Mainland stock.

252.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## NINETEENTH CAUSE OF ACTION

### (Promissory Estoppel against Mainland)

253.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-252, inclusive.

254.   Mainland intended to retain Mr. Urquhart and Westhampton as a consultant for Mainland.

255.   Mainland intended to induce Mr. Urquhart and Westhampton to act as a consultant for Mainland by promising compensation of $5,000.00 per month for their services.

256.   Mainland made this oral and/or written promise to Mr. Urquhart and Westhampton directly and/or indirectly through its agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

257.   Mr. Urquhart and Westhampton relied on Mainland's oral and/or written promise concerning the monthly compensation fee and entered into the consulting agreement with Mainland.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

258.   Mr. Urquhart and Westhampton were not aware of the fact that Mainland never intended to honor its oral and/or written promise to pay the monthly consulting fee in exchange for Mr. Urquhart's and Westhampton's services.

259.   Mainland is therefore estopped from failing to honor its oral and/or written promise regarding the fact that Mr. Urquhart and Westhampton were entitled to a monthly consulting fee in exchange for services rendered.

260.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTIETH CAUSE OF ACTION

### (Promissory Estoppel against Morgan Creek)

261.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-260, inclusive.

262.   Morgan Creek intended to retain Mr. Urquhart and Westhampton as a consultant and manager for Morgan Creek.

263.   Morgan Creek also intended to transfer some of its shares of stock to Mr. Urquhart.

264.   Morgan Creek intended to induce Mr. Urquhart and Westhampton to act as a consultant and manager for Morgan Creek by promising compensation of $10,000.00 per month for their services.

265.   Morgan Creek also intended to induce Mr. Urquhart to acquire shares of common stock in Morgan Creek with the oral and/or written promise that he need not pay the purchase price of the stock Morgan Creek granted to him.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

266.    Morgan Creek made these oral and/or written promises to Mr. Urquhart and Westhampton directly and/or indirectly through its agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

267.    Morgan Creek also confirmed the oral and/or written promise concerning the purchase price of the stock directly and/or indirectly through its agent Ms. Dalmy.

268.    Mr. Urquhart and Westhampton relied on Morgan Creek's oral and/or written promises concerning the monthly compensation fee and the fact that Mr. Urquhart did not have to pay the purchase price of the common stock granted to him by Morgan Creek and entered into the both the consulting and/or management agreement and the stock transfer agreement with Morgan Creek.

269.    Mr. Urquhart and Westhampton were not aware of the fact that Morgan Creek never intended to honor its oral and/or written promise to pay the monthly consulting fee in exchange for Mr. Urquhart's and Westhampton's services.

270.    Mr. Urquhart was also not aware of the fact that Morgan Creek never intended to honor its oral and/or written promise concerning the payment of the purchase price for the Morgan Creek stock, or that Morgan Creek intended to instruct, direct, and/or request that a legend subsequently be placed on Mr. Urquhart's shares of Morgan Creek stock, thereby preventing Mr. Urquhart from selling and/or transferring the shares on the open market.

271.    Morgan Creek is therefore estopped from failing to honor its oral and/or written promise regarding the fact that Mr. Urquhart and Westhampton were entitled to a monthly consulting fee in exchange for services rendered.

272.    Morgan Creek is therefore also estopped from failing to honor its oral and/or written promise regarding the fact that Mr. Urquhart was not required to pay the purchase price for the 521,111 shares of Morgan Creek stock.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 44 of 78

273.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTY-FIRST CAUSE OF ACTION

### (Promissory Estoppel against Pierco and Pierco Energy)

274.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-273, inclusive.

275.   Pierco and/or Pierco Energy intended to retain Mr. Urquhart and Westhampton as a consultant and/or manager for Pierco and/or Pierco Energy.

276.   Pierco and/or Pierco Energy intended to induce Mr. Urquhart and Westhampton to act as a consultant and/or manager for Pierco and/or Pierco Energy by promising compensation of $5,000.00 per month for their services.

277.   Pierco and/or Pierco Energy made this oral and/or written promise to Mr. Urquhart and Westhampton directly and/or indirectly through its agents Mr. Barbon, Mr. Pierce, and/or Mr. Cicci.

278.   Mr. Urquhart and Westhampton relied on Pierco's and/or Pierco Energy's oral and/or written promise concerning the monthly compensation fee and entered into the consulting and/or management agreement with Pierco and/or Pierco Energy.

279.   Mr. Urquhart and Westhampton were not aware of the fact that Pierco and/or Pierco Energy never intended to honor their oral and/or written promise to pay the monthly consulting and/or management fee in exchange for Mr. Urquhart's and Westhampton's services.

280.   Pierco and/or Pierco Energy is therefore estopped from failing to honor their oral and/or written promise regarding the fact that Mr. Urquhart and Westhampton were entitled to a monthly consulting and/or management fee in exchange for services rendered.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 45 of 78

281.    It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTY-SECOND CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against Mainland)

282.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-281, inclusive.

283.    The stock option agreement between Mr. Urquhart and Mainland was characterized by a special element of reliance and a fiduciary duty, and Mainland was in a superior and entrusted position to Mr. Urquhart.

284.    Mainland tortiously breached its duty of good faith and fair dealing by engaging in misconduct as described in detail above.

285.    As a result of the breach of this duty by Mainland, Mr. Urquhart has sustained damages in an amount in excess of $75,000.00.

286.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTY-THIRD CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against Morgan Creek)

287.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-286, inclusive.

288.    The stock transfer agreement and the stock option agreement between Mr. Urquhart and Morgan Creek were characterized by a special element of reliance and a fiduciary duty, and Morgan Creek was in a superior and entrusted position to Mr. Urquhart.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  289. Morgan Creek tortiously breached its duty of good faith and fair dealing by

2 engaging in misconduct as described in detail above.

3  290. As a result of the breach of this duty by Morgan Creek, Mr. Urquhart has

4 sustained damages in an amount in excess of $75,000.00.

5  291. It has been necessary for Mr. Urquhart to obtain the services of an attorney in

6 order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

7 attorney's fees and costs incurred in this matter.

8
### TWENTY-FOURTH CAUSE OF ACTION
**(Interference With Contract against Mainland, Mr. Pierce, Mr. Cicci**
9 **Mr. Barbon, and Empire)**

10  292. Mr. Urquhart and Westhampton reallege and reincorporate the allegations

11 contained in paragraphs 1-291, inclusive.

12  293. Mr. Urquhart is a party to the Four Stock Agreements between himself and

13 Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport, respectively.

14  294. The existence of the Four Stock Agreements was known to Mainland, Mr. Pierce,

15 Mr. Cicci, Mr. Barbon, and/or Empire.

16  295. Mr. Urquhart is a party to oral agreements with Abigail, Mr. Fedun, Ms. Horton,

17 and/or Mr. Newport regarding the fact that Mr. Urquhart was not required to pay Abigail, Mr.

18 Fedun, Ms. Horton, or Mr. Newport the purchase prices for the stock Mr. Urquhart received

19 pursuant to the Four Stock Agreements.

20  296. The existence of the oral agreements regarding the purchase price of the

21 Mainland stock was known to Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire.

22  297. Mr. Urquhart is a party to an oral agreement with Morgan Creek regarding the

23 fact that Mr. Urquhart was not required to pay Morgan Creek the purchase price for the stock

24 Mr. Urquhart received pursuant to his stock transfer agreement with Morgan Creek.

25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 47 of 78

1      298.    The existence of the oral agreement regarding the purchase price of the Morgan

2 Creek stock was known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.

3      299.    Mr. Urquhart is a party to a written stock option agreement with Mainland.

4      300.    The existence of the stock option agreement with Mainland was known to Mr.

5 Pierce, Mr. Cicci, and/or Mr. Barbon.

6      301.    Mr. Urquhart and Westhampton are parties to an oral consulting agreement with

7 Mainland.

8      302.    The existence of the consulting agreement with Mainland was known to Mr.

9 Pierce, Mr. Cicci, and/or Mr. Barbon.

10     303.    Mr. Urquhart and Westhampton are parties to an oral consulting and/or

11 management agreement with Morgan Creek.

12     304.    The existence of the consulting and/or management agreement with Morgan

13 Creek was known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.

14     305.    Mr. Urquhart and Westhampton are parties to an oral consulting and/or

15 management agreement with Pierco and/or Pierco Energy.

16     306.    The existence of the consulting and/or management agreement with Pierco and/or

17 Pierco Energy was known to Mr. Cicci and/or Mr. Pierce.

18     307.    Mr. Urquhart and Westhampton are parties to an executive services agreement

19 with Morgan Creek.

20     308.    The existence of the executive services agreement with Morgan Creek was

21 known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.

22     309.    Mr. Urquhart is a party to a stock options agreement with Morgan Creek.

23     310.    The existence of the stock options agreement with Morgan Creek was known to

24 Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.

25

311.   Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire committed intentional acts designed to disrupt and interfere with the contractual relationships between Mr. Urquhart and/or Westhampton and Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mainland, Morgan Creek, Pierco and/or Pierco Energy, respectively, as described above.

312.   As a direct and proximate result of the acts of Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire, the contractual relationships between Mr. Urquhart and/or Westhampton, and Abigail, Mr. Fedun, Ms. Horton Mr. Newport, Mainland, Morgan Creek, Pierco and/or Pierco Energy, respectively, as described above, were disrupted and interfered with.

313.   As a direct and proximate result of said acts, Mr. Urquhart and Westhampton were damaged in excess of $75,000.00.

314.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTY-FIFTH CAUSE OF ACTION

**(Fraud against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Mr. Thomas, Mr. Coulthard, Pierco, Pierco Energy, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson)**

315.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-314, inclusive.

316.   Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson directly, indirectly through agents and entities, and/or by the adoption and repetition

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  of statements and representations made by others, made false representations to Mr. Urquhart

2  and Westhampton, as detailed above.

3       317.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci,

4  Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan,

5  Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or

6  Mr. Wilson either: (a) had an insufficient basis upon which to make their representations; (b)

7  knew or had reason to believe the representations were false when made; or (c) learned after the

8  making of the representations that they were false, and failed to advise Mr. Urquhart and

9  Westhampton of such falsity.

10       318.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci,

11  Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan,

12  Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or

13  Mr. Wilson engaged in a fraudulent scheme designed to obtain consulting and/or management

14  services from Mr. Urquhart and Westhampton without ever compensating Mr. Urquhart and

15  Westhampton for their time, knowledge, and services, and Abigail, Mainland, Mr. Fedun, Ms.

16  Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy,

17  Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton,

18  Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson advanced this scheme by: (a) entering into

19  stock transfer agreements with Mr. Urquhart; (b) entering into stock option agreements with Mr.

20  Urquhart and having their Boards of Directors pass resolutions regarding these stock option

21  agreements; (c) entering into consulting and/or management agreements with Mr. Urquhart and

22  Westhampton; (d) representing to Mr. Urquhart that he need not pay for the stock of Mainland

23  and Morgan Creek that he received; (e) terminating Mr. Urquhart from his management

24  positions and terminating Mr. Urquhart's and Westhampton's consulting agreements when it

25  appeared that Mr. Urquhart would not endorse public statements and representations about

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  Mainland's projects and would not cooperate in a scheme to artificially inflate Mainland's

2  and/or Morgan Creek's stock prices; and (f) refusing to compensate Mr. Urquhart and

3  Westhampton for their services rendered by refusing to pay consulting and/or management fees,

4  refusing to reimburse incurred expenses, placing untimely restrictions on Mr. Urquhart's ability

5  to sell or transfer his Mainland and Morgan Creek stock; and implying, suggesting, and/or

6  stating that shares of stock would not issue to Mr. Urquhart if he chose to exercise his Mainland

7  and/or Morgan Creek stock options.

8        319.  Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci,

9  Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan,

10  Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or

11  Mr. Wilson intended to induce Mr. Urquhart and Westhampton to rely and act upon such

12  representations.

13        320.  Mr. Urquhart and Westhampton justifiably and reasonably relied upon the

14  representations of Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr.

15  Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr.

16  Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr.

17  Essiger, and/or Mr. Wilson.

18        321.  Mr. Urquhart and Westhampton have sustained damages in excess of $75,000.00

19  as the result of said conduct.

20        322.  It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

21  an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

22  to an award of reasonable attorney's fees and costs incurred in this matter.

23  ///

24  ///

25  ///

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 51 of 78

**TWENTY-SIXTH CAUSE OF ACTION**

**(Negligent Misrepresentation against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy)**

323.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-322, inclusive.

324.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy, in the course of their business in relation to the transfer of shares of stock and/or stock options in Mainland and/or Morgan Creek to Mr. Urquhart and/or in the course of their business relating to Mr. Urquhart's and Westhampton's consulting and/or management services, supplied Mr. Urquhart and Westhampton with information concerning the transfer of the stock and/or stock options and the compensation terms of the consulting and/or management agreements.

325.    The information supplied by Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy was false, as detailed above.

326.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy failed to exercise reasonable care or competence in obtaining the information and/or in communicating the information to Mr. Urquhart and Westhampton.

327.    Mr. Urquhart and Westhampton justifiably relied on the information supplied by Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy.

328.    As a result of Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy's false representations, Mr. Urquhart and Westhampton have been damaged in excess of $75,000.00.

BAILEY✥KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

329.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### TWENTY-SEVENTH CAUSE OF ACTION
**(Conversion against Abigail, Mainland, Morgan Creek,**
**Mr. Fedun, Ms. Horton, and Mr. Newport)**

330.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-329, inclusive.

331.   Mr. Urquhart attempted to sell his 750,000 shares of common stock in Mainland, but Mainland, either of its own initiative and/or at the direction and/or request of Abigail, Mr. Fedun, Ms. Horton, and/or Mr. Newport, wrongfully placed a legend on Mr. Urquhart's shares of stock preventing their transfer or sale.

332.   Mainland also wrongfully implied, suggested, and/or stated that its Board of Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 900,000 shares of stock options in Mainland, thereby preventing Mr. Urquhart from exercising his stock options.

333.   Morgan Creek wrongfully placed a legend on Mr. Urquhart's 521,111 shares of stock in Morgan Creek, thereby preventing their sale and/or transfer.

334.   Morgan Creek wrongfully threatened that its Board of Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 500,000 shares of stock options in Morgan Creek, thereby preventing Mr. Urquhart from exercising his stock options.

335.   As a result of their wrongful conduct, Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. Horton, and/or Mr. Newport committed, and continue to commit, distinct and multiple acts of dominion wrongfully over Mr. Urquhart's property.

336.   Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. Horton, and/or Mr. Newport's acts were in denial of and/or inconsistent with, Mr. Urquhart's title and rights therein.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

337.    Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. Horton, and Mr. Newport's acts were in derogation, exclusion, or defiance of Mr. Urquhart's title or rights in his shares of stock and/or stock options in Mainland and/or Morgan Creek as described above.

338.    As a result of Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. Horton, and/or Mr. Newport's conduct, Mr. Urquhart has suffered damages in excess of $75,000.00

339.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## TWENTY-EIGHTH CAUSE OF ACTION
**(Intentional Interference with Prospective Economic Advantage
against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,
Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, and Morgan Creek)**

340.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-339, inclusive.

341.    At all relevant times mentioned herein, Mr. Urquhart had a property interest in: (a) the 750,000 shares of Mainland stock (now 1,500,000 shares); (b) 900,000 shares of Mainland stock options (now 1,800,000 shares); (c) 521,111 shares of Morgan Creek stock; and (d) 500,000 shares of Morgan Creek stock options, with the expectancy of a future economic benefit or advantage to Mr. Urquhart by the sale of these securities in the open market.

342.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire and/or Morgan Creek knew that Mr. Urquhart intended to sell his shares of Mainland and Morgan Creek stock in the open market and to exercise his shares of Mainland and Morgan Creek stock options.

343.    By wrongfully placing the legends on Mr. Urquhart's shares of Mainland and Morgan Creek stock, preventing him from selling his shares of stock in the open market, as well as by wrongfully rescinding the Four Stock Agreements and wrongfully threatening that

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1   Mainland's and Morgan Creek's Board of Directors would not allow shares of stock to issue if

2   Mr. Urquhart chose to exercise his 500,000 shares of Morgan Creek stock options or his 900,000

3   shares of Mainland stock options, Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr.

4   Pierce, Mr. Cicci, Mr. Barbon, Empire and/or Morgan Creek intentionally interfered with Mr.

5   Urquhart's economic expectancy and actually did interfere with that economic expectancy.

6          344.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci,

7   Mr. Barbon, Empire and/or Morgan Creek's conduct was not excused by any privilege or

8   justification.

9          345.    As a result of Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr.

10   Pierce, Mr. Cicci, Mr. Barbon, Empire and/or Morgan Creek's conduct, Mr. Urquhart has

11   suffered damages in excess of $75,000.00.

12          346.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in

13   order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

14   attorney's fees and costs incurred in this matter.

15                          **TWENTY-NINTH CAUSE OF ACTION**

16                  **(Breach of Fiduciary Duty against Mainland and Morgan Creek)**

17          347.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

18   contained in paragraphs 1-346, inclusive.

19          348.    Mr. Urquhart, as a shareholder of Mainland, was owed the highest duty of care

20   and loyalty by Mainland.

21          349.    Mr. Urquhart, as a shareholder of Morgan Creek, was also owed the highest duty

22   of care and loyalty by Morgan Creek.

23          350.    As a result of the acts complained of and detailed herein, Mainland and Morgan

24   Creek breached its fiduciary duties to Mr. Urquhart.

25

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 55 of 78

351.    As a result of Mainland and Morgan Creek's breach of their fiduciary duties, Mr. Urquhart has suffered damages in excess of $75,000.00.

352.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

**THIRTIETH CAUSE OF ACTION**

**(Conspiracy against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Mr. Thomas, Mr. Coulthard, Pierco, Pierco Energy, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson)**

353.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-352, inclusive.

354.    Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson, acting in concert, agreed and intended to accomplish an unlawful and wrongful objective; to wit: (a) the interference with and disruption of the Four Stock Agreements between Mr. Urquhart and Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport, respectively; (b) the interference with and disruption of the stock option agreement between Mr. Urquhart and Mainland; (c) the oral agreements with Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport regarding the fact that Mr. Urquhart did not have to pay the purchase price for the transfer of the Mainland stock to him; (d) the interference with and disruption of the stock transfer agreement between Mr. Urquhart and Morgan Creek; (e) the interference with and disruption of the stock option agreement between Mr. Urquhart and Morgan Creek; (f) the interference with and disruption of the executive services agreement between Mr. Urquhart and Westhampton and Morgan Creek; (g) the interference with and disruption of the oral agreement with Morgan

BAILEY✤KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1   Creek regarding the fact that Mr. Urquhart did not have to pay the purchase price for the transfer

2   of the Morgan Creek Stock to him; (h) the interference with and disruption of the consulting

3   and/or management agreements between Mr. Urquhart and Westhampton and Mainland, Morgan

4   Creek, and Pierco and/or Pierco Energy, respectively; (i) the interference with Mr. Urquhart's

5   exercise and attainment of a prospective economic advantage through the sale of the securities

6   on the open market; and (j) the breach of Mainland's and Morgan Creek's fiduciary duties to

7   Mr. Urquhart.

8       355.   In conducting the foregoing acts and in executing the object of the conspiracy,

9   Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon,

10  Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard,

11  Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson

12  were acting for the purpose of harming Mr. Urquhart and Westhampton.

13      356.   As a result of Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr.

14  Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr.

15  Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr.

16  Jewett, Mr. Essiger, and/or Mr. Wilson's conduct, Mr. Urquhart and Westhampton have suffered

17  damages in excess of $75,000.00.

18      357.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

19  an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

20  to an award of reasonable attorney's fees and costs incurred in this matter.

21  ///

22  ///

23  ///

24  ///

25  ///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 57 of 78

**THIRTY-FIRST CAUSE OF ACTION**

**(Aiding and Abetting against Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson)**

358.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-357, inclusive.

359.    Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson knew or should have known of Mainland's and Morgan Creek's improper conduct in placing the legends on Mr. Urquhart's unrestricted shares of Mainland and Morgan Creek stock.

360.    Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson knew or should have known of Mainland's and Morgan Creek's improper conduct in implying, suggesting, and/or expressly threatening that their Board of Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 500,000 shares of Morgan Creek stock options or 900,000 shares of Mainland stock options

361.    Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson substantially assisted Mainland's and Morgan Creek's breach of its fiduciary duties to Mr. Urquhart by instructing, requesting, and/or assisting Mainland and Morgan Creek in placing legends on Mr. Urquhart's 750,000 shares of Mainland stock and 521, 111 shares of Morgan Creek stock.

BAILEY❖KENNEDY
984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

362.    Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson substantially assisted Mainland's and Morgan Creek's breach of its fiduciary duties to Mr. Urquhart by instructing, requesting, and/or assisting Mainland and Morgan Creek in implying, suggesting, and/or expressly threatening that their Board of Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 900,000 shares of Mainland stock options or 500,000 shares of Morgan Creek stock options.

363.    Abigail, Mr. Fedun, Ms. Horton, and/or Mr. Newport also substantially assisted Mainland and Morgan Creek by rescinding the Four Stock Agreements with Mr. Urquhart.

364.    Mr. Pierce, Mr. Cicci, and/or Mr. Barbon also substantially assisted Mainland and Morgan Creek by falsely representing to Mr. Urquhart that no monies were due and owing for the receipt of the 500,000 shares of Mainland stock and the 1,563,333 shares of Morgan Creek stock.

365.    Pierco also substantially assisted Mainland and Morgan Creek by offering its offices as the site for the April Meeting with Mr. Urquhart and allowing its employee's Mr. Cicci and Mr. Barbon to act as agents for Mainland and Morgan Creek.

366.    Empire also substantially assisted Mainland by placing the improper legend on Mr. Urquhart's 750,000 shares of stock and preventing him from selling the shares on the open market.

367.    As a result of Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson's conduct, Mr. Urquhart has suffered damages in excess of $75,000.00.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

368.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## THIRTY-SECOND CAUSE OF ACTION

### (Unjust Enrichment against Mainland, Morgan Creek, Pierco and/or Pierco Energy)

369.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-368, inclusive.

370.   The efforts expended by Mr. Urquhart and Westhampton in performing consulting and/or management services to Mainland, Morgan Creek, Pierco and/or Pierco Energy provided a benefit to Mainland, Morgan Creek, Pierco and/or Pierco Energy, which benefit in equity and good conscience belongs to Mr. Urquhart and Westhampton.

371.   The measure of this benefit is the reasonable value of Mr. Urquhart's and Westhampton's consulting and managing services, which value will be proved at trial.

372.   As of today, 1,500,000 shares of Mainland stock and 521,111 shares of Morgan Creek stock owned by Mr. Urquhart cannot be sold or transferred on the open market. This restriction has positively impacted Mainland's and Morgan Creek's stock prices. Therefore, Mainland and Morgan Creek have been provided a benefit, which in equity and good conscience belongs to Mr. Urquhart.

373.   The measure of this benefit is the difference between the current stock prices of Mainland and Morgan Creek and the stock prices that reasonably could have occurred if Mr. Urquhart had been permitted to sell and trade his shares of Mainland and Morgan Creek stock on the open market, which value will be proved at trial.

374.   As of today, 1,800,000 shares of Mainland stock options and 500,000 shares of Morgan Creek stock options cannot be exercised, and Mr. Urquhart has been prevented from selling and/or trading the issued shares on the open market. This wrongful prevention of the

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1   exercising of Mr. Urquhart's stock options has positively impacted Mainland's and Morgan

2   Creek's stock prices.  Therefore, Mainland and Morgan Creek have been provided a benefit,

3   which in equity and good conscience belongs to Mr. Urquhart.

4      375. The measure of this benefit is the difference between the current stock prices of

5   Mainland and Morgan Creek and the stock prices that reasonably could have occurred if Mr.

6   Urquhart had been permitted to exercise his stock options and sell and trade his shares of

7   Mainland and Morgan Creek stock on the open market, which value will be proved at trial.

8      376. It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

9   an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

10   to an award of reasonable attorney's fees and costs incurred in this matter.

11   **THIRTY-THIRD CAUSE OF ACTION**
**(Specific Performance against Abigail, Mainland,**

12   **Mr. Fedun, Ms. Horton, Mr. Newport, Empire and Morgan Creek)**

13      377. Mr. Urquhart and Westhampton reallege and reincorporate the allegations

14   contained in paragraphs 1-376, inclusive.

15      378. The terms of the Four Stock Agreements are definite and certain.

16      379. The terms of the oral agreement between Mr. Urquhart and Mainland are definite

17   and certain and unequivocally provide that Mr. Urquhart does not have to pay the purchase price

18   for his receipt of the 500,000 shares of Mainland stock.

19      380. The terms of the stock option agreement between Mr. Urquhart and Mainland are

20   definite and certain.

21      381. The terms of the stock transfer agreement between Mr. Urquhart and Morgan

22   Creek and definite and certain.

23      382. The terms of the stock option agreement and/or the Morgan Creek Agreement are

24   definite and certain.

25

BAILEY✛KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 61 of 78

383.    The terms of the oral agreement between Mr. Urquhart and Morgan Creek are definite and certain and unequivocally provide that Mr. Urquhart does not have to pay the purchase price for his receipt of the 1,563,333 shares of Morgan Creek stock.

384.    Pursuant to NRS 104.8204 and Rule 144 of the Securities Act of 1933, Mr. Urquhart has unrestricted ownership of: (a) 1,500,000 shares of Mainland stock; (b) 521,111 shares of Morgan Creek stock; (c) 1,800,000 shares of Mainland stock options; and (d) 500,000 shares of Morgan Creek stock options.

385.    Mr. Urquhart has no adequate remedy at law to relieve the damage and harm suffered as a result of Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mainland, and/or Empire's placement of an improper restriction on the sale or transfer of Mr. Urquhart's shares of Mainland stock.

386.    Mr. Urquhart has no adequate remedy at law to relieve the damage and harm suffered as a result of Morgan Creek's placement of an improper restriction on the sale or transfer of Mr. Urquhart's shares of Morgan Creek stock.

387.    Mr. Urquhart has no adequate remedy at law to relieve the damage and harm suffered as a result of Morgan Creek's and Mainland's threats to refuse to issue stock if Mr. Urquhart exercises his Morgan Creek and Mainland stock options.

388.    Mr. Urquhart has no adequate remedy at law, because he intended to maintain at least a partial ownership interest in both Mainland and Morgan Creek, taking advantage of the low purchase and strike prices for the Mainland and Morgan Creek stock and stock options given to him.

389.    Mr. Urquhart is ready, willing, and able to tender performance and to pay Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport for the 500,000 shares of Mainland stock contracted for on April 8, 2008.

BAILEY❖KENNEDY
984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 62 of 78

390.    Mr. Urquhart is ready, willing, and able to tender performance and to pay Morgan Creek for the 1,563,333 shares of Morgan Creek stock contracted for in or around April 2008.

391.    Mr. Urquhart is entitled to an Order compelling Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, and Empire to tender 1,500,000 un-legended, unrestricted shares of Mainland stock to Mr. Urquhart.

392.    Mr. Urquhart is entitled to an Order compelling Mainland to tender 1,800,000 un-legended, unrestricted shares of Mainland stock options to Mr. Urquhart.

393.    Mr. Urquhart is entitled to an Order compelling Morgan Creek to tender 521,111 un-legended, unrestricted shares of Morgan Creek stock to Mr. Urquhart.

394.    Mr. Urquhart is entitled to an Order compelling Morgan Creek to tender 500,000 un-legended, unrestricted shares of Morgan Creek stock options to Mr. Urquhart.

395.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

### THIRTY-FOURTH CAUSE OF ACTION
### (Injunctive Relief against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, and Empire)

396.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-395, inclusive.

397.    Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport have attempted to rescind the Four Stock Agreements, and they directed, instructed, and/or requested that Mainland place a legend on Mr. Urquhart's 1,500,000 shares of stock, thereby preventing him from selling and/or trading his shares of stock on the open market.

BAILEY ❖ KENNEDY
984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

398.   Mainland continues to refuse to remove the improper legend from Mr. Urquhart's 1,500,000 shares of Mainland stock, thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

399.   Empire continues to refuse to tender 1,500,000 shares of Mainland stock to Mr. Urquhart, thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

400.   Morgan Creek continues to refuse to remove the improper legend form Mr. Urquhart's 521,111 shares of Morgan Creek stock, thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

401.   Morgan Creek continues to imply, suggest, and/or expressly threaten that it will refuse to issue stock if Mr. Urquhart exercises his 500,000 Morgan Creek stock options, thereby preventing Mr. Urquhart from selling and/or trading some or all of these to-be issued shares on the open market.

402.   Mainland continues to imply, suggest, and/or expressly threaten that it will refuse to issue stock if Mr. Urquhart exercises his 1,800,000 Mainland stock options, thereby preventing Mr. Urquhart from selling and/or trading some or all of these to-be issued shares on the open market.

403.   Pursuant to NRS 104.8204 and Rule 144 of the Securities Act of 1933, Mr. Urquhart has unrestricted ownership of: (a) 1,500,000 shares of Mainland stock; (b) 521,111 shares of Morgan Creek stock; (c) 1,800,000 shares of Mainland stock options; and (d) 500,000 shares of Morgan Creek stock options.

404.   The continuing existence of the legends on Mr. Urquhart's shares of Mainland and Morgan Creek stock constitute a continuing and irreparable injury to Mr. Urquhart.

405.   The continuing threat to refuse to issue stock upon the exercise of Mr. Urquhart's stock options also constitutes a continuing and irreparable injury to Mr. Urquhart.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

406.    Mr. Urquhart has been irreparably injured because he intended to maintain at least a partial ownership interest in both Mainland and Morgan Creek, taking advantage of the low purchase and strike prices for the Mainland and Morgan Creek stock and stock options given to him.

407.    Mr. Urquhart therefore seeks preliminary and permanent injunctive relief compelling: (a) Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Empire, and Morgan Creek to remove the legends and any other restrictions from Mr. Urquhart's shares of Mainland and Morgan Creek stock; and (2) Mainland and Morgan Creek to issue stock to Mr. Urquhart pursuant to the terms of the parties' stock option agreements, if and when Mr. Urquhart chooses to exercise his Mainland and Morgan Creek stock options.

408.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

## THIRTY-FIFTH CAUSE OF ACTION
### (Declaratory Judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson)

409.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-407, inclusive.

410.    A justiciable controversy exists between Mr. Urquhart and Westhampton and Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson pursuant to the Uniform Declaratory Judgment Act, NRS 30.010, *et seq.*  Such a controversy exists where a claim of right is asserted against one who has an interest in contesting the claim of right.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 65 of 78

411.   Mr. Urquhart and Westhampton have a legally-protectable interest in prosecuting this claim, and this interest is adverse to the interests of Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson.

412.   The issues involved in this controversy are ripe for judicial determination.

413.   This Court has the power to declare the rights, status, and other legal relationships between Mr. Urquhart, Westhampton, Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson.

414.   Accordingly Mr. Urquhart and Westhampton seek a declaratory judgment pursuant to NRS 30.010, *et seq.*, as follows:

A.   That Mr. Urquhart is the owner of 1,500,000 un-legended, unrestricted shares of common stock in Mainland;

B.   That Mr. Urquhart is the owner of 1,800,000 shares of stock options in Mainland;

C.   That Mr. Urquhart is the owner of 521,111 un-legended, unrestricted shares of common stock in Morgan Creek;

D.   That Mr. Urquhart is the owner of 500,000 shares of stock options in Morgan Creek;

E.   That Mr. Pierce, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, Mr. Wilson, and/or Mr. Viard, collectively or individually, are the alter egos of Morgan Creek;

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1        F.      That Mr. Pierce, Mr. Newport, Mr. Sorochan, Ms. Horton, Mr. Viard, Mr.

2 Thomas, and/or Mr. Fedun, collectively or individually, are the alter egos of Mainland; and

3        G.      That Mainland and/or Mr. Coulthard, jointly or individually, are the alter

4 egos of Abigail;

5        H.      That Mr. Pierce is also the alter ego of Pierco, and Pierco Energy;

6        I.      That Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, collectively or

7 individually, are the actual, implied, and/or apparent agents of Abigail, Mainland, Morgan

8 Creek, Mr. Fedun, Ms. Horton, and/or Mr. Newport, for the purposes of the negotiation and

9 execution of: (a) the Four Stock Agreements; (b) the stock option agreement between Mainland

10 and Mr. Urquhart; (c) the oral purchase price agreements between Mr. Urquhart and Abigail,

11 Mr. Fedun, Ms. Horton, and Mr. Newport; (d) the consulting agreement between Mainland and

12 Mr. Urquhart and Westhampton; (e) the Morgan Creek Agreement; (f) the stock transfer

13 agreement between Morgan Creek and Mr. Urquhart; (g) the stock option agreement between

14 Mr. Urquhart and Morgan Creek; (h) the oral purchase price agreement between Mr. Urquhart

15 and Morgan Creek; and (i) the consulting and/or management agreement between Morgan Creek

16 and Mr. Urquhart and Westhampton.

17        J.      That Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, collectively or

18 individually, are the actual, implied, and/or apparent agents of Pierco and Pierco Energy, for the

19 purposes of the negotiation and execution of the consulting and/or management agreement

20 between Pierco, Pierco Energy, Mr. Urquhart, and Westhampton.

21      415.      It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

22 an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

23 to an award of reasonable attorney's fees and costs incurred in this matter.

24 ///

25 ///

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 67 of 78

1

**THIRTY-SIXTH CAUSE OF ACTION**
**(Violation of NRS 90.570 against Abigail, Mr. Fedun, Ms. Horton,**
**Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, and Mr. Barbon)**

2

3    416.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

4    contained in paragraphs 1-415, inclusive.

5    417.   Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and Morgan Creek directly and/or

6    indirectly through their agents Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, made untrue statements

7    of material fact and/or omitted to state material facts necessary to make the statements made not

8    misleading to Mr. Urquhart during the course of the negotiation and execution of the Four Stock

9    Agreements and the stock transfer agreement between Morgan Creek and Mr. Urquhart.

10   Specifically, Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and Morgan Creek directly and/or

11   indirectly through their agents Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, falsely informed Mr.

12   Urquhart and/or allowed Mr. Urquhart to believed, based on their omission of material facts, that

13   Mr. Urquhart was not required to pay for the receipt of 500,000 shares of Mainland stock and

14   1,563,333 shares of Morgan Creek stock.

15   418.   Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and Morgan Creek directly and/or

16   indirectly through their agents Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, also engaged in acts

17   which operated as a fraud upon Mr. Urquhart during the course the course of the negotiation and

18   execution of the Four Stock Agreements and the stock transfer agreement between Morgan

19   Creek and Mr. Urquhart.  Specifically, Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and

20   Morgan Creek directly and/or indirectly through their agents Mr. Pierce, Mr. Cicci, and/or Mr.

21   Barbon led Mr. Urquhart to believe that he was the owner of 500,000 shares of unrestricted, un-

22   legended Mainland stock and 1,563,333 shares of unrestricted, un-legended Morgan Creek

23   stock, and Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, and Morgan Creek directly and/or

24   indirectly through their agents Mr. Pierce, Mr. Cicci, and/or Mr. Barbon failed to inform Mr.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 68 of 78

1    Urquhart that legends would be placed on these shares of stock until he paid the purchase price

2    of these shares.

3          419.   Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr.

4    Cicci, and/or Mr. Barbon's actions violated NRS 90.570.

5          420.   As a direct and proximate result of Abigail, Mr. Fedun, Ms. Horton, Mr.

6    Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, and/or Mr. Barbon's violation of NRS 90.570,

7    Mr. Urquhart has incurred damages pursuant to NRS 90.660, in an amount to be proven at trial.

8          421.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in

9    order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

10   attorney's fees and costs incurred in this matter.

11   **THIRTY-SEVENTH CAUSE OF ACTION**

12   **(Violation of NRS 104.8401 against Mainland)**

13         422.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

14   contained in paragraphs 1-421, inclusive.

15         423.   Mainland is the issuer of the 1,500,000 shares of stock to Mr. Urquhart.

16         424.   Mr. Urquhart requested that Mainland register the transfer of his securities so that

17   he could sell a portion of his shares of Mainland stock on the open market.

18         425.   Mainland had a duty to register a transfer of the securities.

19         426.   Mainland has unreasonably and without justification delayed and refused to

20   register the shares of Mainland stock for transfer.

21         427.   Mainland's conduct is a violation of NRS 104.8401.

22         428.   As a direct and proximate result of Mainland's violation of NRS 104.8401, Mr.

23   Urquhart has incurred damages in an amount to be proven at trial.

24

25

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 69 of 78

1     429.    It has been necessary for Mr. Urquhart to obtain the services of an attorney in

2  order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

3  attorney's fees and costs incurred in this matter.

### THIRTY-EIGHTH CAUSE OF ACTION

4

**(Corporate Veil against Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett,**

5

**Mr. Essiger, Mr. Wilson, Mr. Viard, Mr. Newport, Mr. Sorochan, Ms. Horton, Mr.**

6

**Thomas, Mr. Fedun, Mr. Coulthard, Mainland, and Mr. Pierce)**

7     430.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

8  contained in paragraphs 1-429, inclusive.

9     431.    In engaging in the acts described above, Mr. Pierce, Mr. Johnson, Mr. Markham,

10 Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, Mr. Wilson, Mr. Viard, Mr. Newport, Mr.

11 Sorochan, Ms. Horton, Mr. Thomas, Mr. Fedun, Mr. Coulthard, and/or Mainland acted as the

12 alter egos of Mainland, Morgan Creek, Abigail, Pierco, and/or Pierco Energy.  Specifically:

13          A.     Mr. Pierce, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett,

14 Mr. Essiger, Mr. Wilson, and/or Mr. Viard, collectively or individually, influenced and governed

15 Morgan Creek;

16          B.     Mr. Pierce, Mr. Newport, Mr. Sorochan, Ms. Horton, Mr. Viard, Mr.

17 Thomas, and/or Mr. Fedun, collectively or individually, influenced and governed Mainland;

18          C.     Mainland and/or Mr. Coulthard, jointly or individually, influenced and

19 governed Abigail;

20          D.     Mr. Pierce also influenced and governed Pierco and/or Pierco Energy;

21          E.     There was such an unity of interest and ownership that Mr. Pierce, Mr.

22 Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, Mr. Wilson, Mr. Viard

23 and Morgan Creek were inseparable from one another;

24

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 70 of 78

1    F.    There was such an unity of interest and ownership that Mr. Pierce, Mr.

2    Newport, Mr. Sorochan, Ms. Horton, Mr. Viard, Mr. Thomas, Mr. Fedun and Mainland were

3    inseparable from one another;

4    G.    There was such an unity of interest and ownership that Mainland, Mr.

5    Coulthard, and Abigail were inseparable from one another;

6    H.    There was such an unity of interest and ownership that Mr. Pierce, Pierco,

7    and Pierco Energy were inseparable from one another;

8    I.    Adherence to the fiction of a separate entity would sanction fraud or

9    promote a manifest injustice.

10    432.    Mr. Pierce, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr.

11    Essiger, Mr. Wilson, and/or Mr. Viard are liable for the acts of Morgan Creek, as described

12    herein.

13    433.    Mr. Pierce, Mr. Newport, Mr. Sorochan, Ms. Horton, Mr. Viard, Mr. Thomas,

14    and/or Mr. Fedun are liable for the acts of Mainland, as described herein.

15    434.    Mainland and/or Mr. Coulthard are liable for the acts of Abigail, as described

16    herein.

17    435.    Mr. Pierce is liable for the acts of Pierco and Pierco Energy, as described herein.

18    **THIRTY-NINTH CAUSE OF ACTION**

19    **(Punitive Damages against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,**

**Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, Mr. Thomas, Mr. Coulthard,**

20    **Pierco, Pierco Energy, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr.**

21    **Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and Mr. Wilson)**

22    436.    Mr. Urquhart and Westhampton reallege and reincorporate the allegations

23    contained in paragraphs 1-435, inclusive.

24    437.    As to the acts and allegations regarding the wrongful acts and breach of

25    obligations not arising from contract, Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 71 of 78

1   Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, Mr. Thomas, Mr. Coulthard, Pierco,

2   Pierco Energy, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr.

3   Jewett, Mr. Essiger, and/or Mr. Wilson have been guilty of oppression, fraud, or malice, express

4   or implied, thereby entitled Mr. Urquhart and Westhampton to an award of punitive damages, in

5   an amount to be proved at trial.

6          WHEREFORE Mr. Urquhart and Westhampton prays for judgment against Abigail,

7   Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan

8   Creek, Empire, Mr. Thomas, Mr. Coulthard, Pierco, Pierco Energy, Mr. Sorochan, Mr. Viard,

9   Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson

10  as follows:

11          1.      For judgment against Abigail for breach of contract in an amount to be proven at

12  trial;

13          2.      For judgment against Mr. Fedun for breach of contract in an amount to be proven

14  at trial;

15          3.      For judgment against Ms. Horton for breach of contract in an amount to be

16  proven at trial;

17          4.      For judgment against Mr. Newport for breach of contract in an amount to be

18  proven at trial;

19          5.      For judgment against Mainland for breach of contract in an amount to be proven

20  at trial;

21          6.      For judgment against Morgan Creek for breach of contract in an amount to be

22  proven at trial;

23          7.      For judgment against Pierco and/or Pierco Energy, jointly and severally, for

24  breach of contract in an amount to be proven at trial;

25

BAILEY✜KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

8.      For judgment against Abigail for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

9.      For judgment against Mr. Fedun for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

10.     For judgment against Ms. Horton for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

11.     For judgment against Mr. Newport for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

12.     For judgment against Mainland for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

13.     For judgment against Morgan Creek for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

14.     For judgment against Pierco and/or Pierco Energy, jointly and severally, for contractual breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

15.     For a judgment against Abigail for promissory estoppel in an amount to be proven at trial;

16.     For a judgment against Mr. Fedun for promissory estoppel in an amount to be proven at trial;

17.     For a judgment against Ms. Horton for promissory estoppel in an amount to be proven at trial;

18.     For a judgment against Mr. Newport for promissory estoppel in an amount to be proven at trial;

19.     For a judgment against Mainland for promissory estoppel in an amount to be proven at trial;

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 73 of 78

20.    For a judgment against Morgan Creek for promissory estoppel in an amount to be proven at trial;

21.    For a judgment against Pierco and/or Pierco Energy, jointly and severally, for promissory estoppel in an amount to be proven at trial;

22.    For a judgment against Mainland for tortious breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

23.    For a judgment against Morgan Creek for tortious breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

24.    For a judgment against Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire, jointly and severally, for interference with contract in an amount to be proven at trial;

25.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr. Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson, jointly and severally, for fraud in an amount to be proven at trial;

26.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco and/or Pierco Energy, jointly and severally, for negligent misrepresentation in an amount to be proven at trial;

27.    For a judgment against Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms Horton, and/or Mr. Newport, jointly and severally, for conversion in an amount to be proven at trial;

28.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, and/or Morgan Creek, jointly and severally, for intentional interference with prospective economic advantage in an amount to be proven at trial;

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1     29.    For a judgment against Mainland and/or Morgan Creek, jointly and severally, for

2  breach of fiduciary duty in an amount to be proven at trial;

3     30.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,

4  Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Pierco, Pierco Energy, Mr. Thomas, Mr.

5  Coulthard, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr.

6  Jewett, Mr. Essiger, and/or Mr. Wilson, jointly and severally, for conspiracy in an amount to be

7  proven at trial;

8     31.    For judgment against Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce,

9  Mr. Cicci, Mr. Barbon, Empire, Mr. Thomas, Pierco, Pierco Energy, Mr. Coulthard, Mr.

10  Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr.

11  Essiger, and/or Mr. Wilson, jointly and severally, for aiding and abetting in an amount to be

12  proven at trial;

13     32.    For judgment against Mainland, Morgan Creek, Pierco, and/or Pierco Energy,

14  jointly and severally, for unjust enrichment in an amount to be proven at trial;

15     33.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,

16  Empire and/or Morgan Creek, jointly and severally, for specific performance;

17     34.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,

18  Morgan Creek, and/or Empire, jointly and severally, for injunctive relief;

19     35.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport,

20  Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, Mr. Thomas, Mr. Coulthard, Mr. Sorochan,

21  Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or

22  Mr. Wilson, jointly and severally, for declaratory judgment;

23     36.    For judgment against Abigail, Mr. Fedun, Ms. Horton, Mr. Newport, Morgan

24  Creek, Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, jointly and severally, for violation of NRS

25  90.570 in an amount to be proven at trial;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 75 of 78

37.     For judgment against Mainland for violation of NRS 104.8401 in an amount to be proven at trial;

38.     For judgment against Mr. Pierce, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, Mr. Wilson, Mr. Viard, Mr. Newport, Mr. Sorochan, Ms. Horton, Mr. Thomas, Mr. Fedun, Mr. Coulthard, and/or Mainland, jointly and severally, as the alter ego of Mainland, Morgan Creek, Abigail, Pierco, and/or Pierco Energy;

39.     For an award of punitive damages against Abigail, Mainland, Mr. Fedun, Ms. Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, Mr. Thomas, Mr. Coulthard, Pierco, Pierco Energy, Mr. Sorochan, Mr. Viard, Mr. Johnson, Mr. Markham, Mr. Horton, Mr. Box, Mr. Jewett, Mr. Essiger, and/or Mr. Wilson, jointly and severally, in an amount to be proven at trial;

40.     For an award of attorney's fees as permitted by law;

41.     For an award of the costs incurred in bringing and maintaining this litigation as permitted by law;

42.     For such other and further relief as the court deems proper.

///

///

///

///

///

///

///

///

///

///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1

## JURY DEMAND

2   Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Urquhart and Westhampton

3   demand a jury trial of all issues so triable.

4   DATED this 21st day of July, 2009.

5   BAILEY❖KENNEDY

6   By: _/s/ Sarah E. Harmon_____

7   Dennis L. Kennedy, Nevada Bar No. 1462
    Sarah E. Harmon, Nevada Bar No. 8106

8   8984 Spanish Ridge Avenue
    Las Vegas, Nevada  89148-1302

9   Telephone: (702) 562-8820
    Facsimile: (702) 562-8821

10  dkennedy@baileykennedy.com
    sharmon@baileykennedy.com

11  Attorneys for Defendants/Counter-Claimants

12  DAVID URQUHART and
    WESTHAMPTON, LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 77 of 78

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with Fed. R. Civ. P. 5, I certify that I am an employee of Bailey❖Kennedy and that on the 21st day of July, 2009, a copy of the foregoing DEFENDANT DAVID URQUHART'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND AND COUNTER-CLAIMANTS DAVID URQUHART AND WESTHAMPTON, LTD.'S COUNTER-COMPLAINT AND JURY DEMAND was served on the parties by filing and serving the same using the ECF system or by United States mail postage prepaid as follows:

Fred "Pete" Gibson, III
Robert Hernquist
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

_/s/Susan Russo_____
_Susan Russo_, an employee with
BAILEY❖KENNEDY

BAILEY❖KENNEDY
84 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821