1    1013.  As a result of the breach of this duty by Mainland, Mr. Urquhart has sustained

2    damages in an amount in excess of $75,000.00.

3    1014.  It has been necessary for Mr. Urquhart to obtain the services of an attorney in

4    order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

5    attorney's fees and costs incurred in this matter.

6    ### TWENTIETH CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good
7    ### Faith and Fair Dealing against Morgan Creek)

8    1015.  Mr. Urquhart and Westhampton reallege and reincorporate the allegations

9    contained in paragraphs 1-1014, inclusive.

10    1016.   The stock transfer agreement between Mr. Urquhart and Morgan Creek was

11    characterized by a special element of reliance and a fiduciary duty, and Morgan Creek was in a

12    superior and entrusted position to Mr. Urquhart.

13    1017.  Morgan Creek tortiously breached its duty of good faith and fair dealing by

14    engaging in misconduct as described in detail *supra*, at ¶¶ 589-851.

15    1018.  As a result of the breach of this duty by Morgan Creek, Mr. Urquhart has

16    sustained damages in an amount in excess of $75,000.00.

17    1019.  It has been necessary for Mr. Urquhart to obtain the services of an attorney in

18    order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

19    attorney's fees and costs incurred in this matter.

20    ### TWENTY-FIRST CAUSE OF ACTION
### (Interference With Contract against Mainland, Mr. Pierce, Mr. Cicci
21    ### Mr. Barbon, and Empire)

22    1020.  Mr. Urquhart and Westhampton reallege and reincorporate the allegations

23    contained in paragraphs 1-1019, inclusive.

24

25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 151 of 178

1         1021.   Mr. Urquhart is a party to the Abigail Agreement, the Fedun Agreement, the

2  King Horton Agreement, and the Newport Agreement between himself and Abigail, Mr. Fedun,

3  Ms. King Horton, and Mr. Newport, respectively.

4         1022.   The existence of the Abigail Agreement, the Fedun Agreement, the King Horton

5  Agreement, and the Newport Agreement was known to Mainland, Mr. Pierce, Mr. Cicci, Mr.

6  Barbon, and/or Empire.

7         1023.   Mr. Urquhart is a also party to oral agreements with Abigail, Mr. Fedun, Ms.

8  King Horton, and/or Mr. Newport regarding the fact that Mr. Urquhart was not required to pay

9  Abigail, Mr. Fedun, Ms. King Horton, or Mr. Newport the purchase prices for the stock Mr.

10  Urquhart received pursuant to the Abigail Agreement, the Fedun Agreement, the King Horton

11  Agreement, and the Newport Agreement.

12         1024.   The existence of the oral agreements regarding the purchase price of the

13  Mainland stock was known to Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire.

14         1025.   Mr. Urquhart is a party to an oral agreement with Morgan Creek regarding the

15  fact that Mr. Urquhart was not required to pay Morgan Creek the purchase price for the stock

16  Mr. Urquhart received pursuant to his stock transfer agreement with Morgan Creek.

17         1026.   The existence of the oral agreement regarding the purchase price of the Morgan

18  Creek stock was known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.

19         1027.   Mr. Urquhart is a party to a written stock option agreement with Mainland.

20         1028.   The existence of the stock option agreement with Mainland was known to Mr.

21  Pierce, Mr. Cicci, and/or Mr. Barbon.

22         1029.   Mr. Urquhart and Westhampton are parties to an oral consulting agreement with

23  Mainland.

24         1030.   The existence of the consulting agreement with Mainland was known to Mr.

25  Pierce, Mr. Cicci, and/or Mr. Barbon.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    1031.  Mr. Urquhart and Westhampton are parties to an oral consulting and/or
2    management agreement with Morgan Creek.
3    1032.  The existence of the consulting and/or management agreement with Morgan
4    Creek was known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.
5    1033.  Mr. Urquhart and Westhampton are parties to an oral consulting and/or
6    management agreement with Pierco Petroleum and/or Pierco Energy.
7    1034.  The existence of the consulting and/or management agreement with Pierco
8    Petroleum and/or Pierco Energy was known to Mr. Pierce, Mr. Cicci and/or Mr. Barbon.
9    1035.  Mr. Urquhart and Westhampton are parties to an executive services agreement
10   with Morgan Creek.
11   1036.  The existence of the executive services agreement with Morgan Creek was
12   known to Mr. Pierce, Mr. Cicci, and/or Mr. Barbon.
13   1037.  Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Empire committed
14   intentional acts designed to disrupt and interfere with the contractual relationships between Mr.
15   Urquhart and/or Westhampton and Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport,
16   Mainland, Morgan Creek, Pierco Petroleum and/or Pierco Energy, respectively, as described
17   *supra*, at ¶¶ 589-851.
18   1038.  As a direct and proximate result of the acts of Mainland, Mr. Pierce, Mr. Cicci,
19   Mr. Barbon, and/or Empire, the contractual relationships between Mr. Urquhart and/or
20   Westhampton, and Abigail, Mr. Fedun, Ms. King Horton Mr. Newport, Mainland, Morgan
21   Creek, Pierco Petroleum and/or Pierco Energy, respectively, as described above, were disrupted
22   and interfered with.
23   1039.  As a direct and proximate result of said acts, Mr. Urquhart and Westhampton
24   were damaged in excess of $75,000.00.
25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    1040.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

2    an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

3    to an award of reasonable attorney's fees and costs incurred in this matter.

4    **TWENTY-SECOND CAUSE OF ACTION**

5    **(Fraud against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport,**
     **Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and Mr. Coulthard)**

6

7    1041.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

8    contained in paragraphs 1-1040, inclusive.

9    1042.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

10   Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard directly, indirectly through agents and

11   entities, and/or by the adoption and repetition of statements and representations made by others,

12   made false representations to Mr. Urquhart and Westhampton, as detailed *supra*, at ¶¶ 589-851.

13   1043.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

14   Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard either: (a) had an insufficient basis

15   upon which to make their representations; (b) knew or had reason to believe the representations

16   were false when made; or (c) learned after the making of the representations that they were false,

17   and failed to advise Mr. Urquhart and Westhampton of such falsity.

18   1044.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

19   Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard engaged in a fraudulent scheme

20   designed to obtain consulting and/or management services from Mr. Urquhart and Westhampton

21   without ever compensating Mr. Urquhart and Westhampton for their time, knowledge, and

22   services, and Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

23   Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard advanced this scheme by: (a) entering

24   into stock transfer agreements with Mr. Urquhart; (b) entering into a stock option agreement

25   with Mr. Urquhart and having Mainland's Boards of Directors pass a resolution regarding this

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 154 of 178

1    stock option agreement; (c) entering into consulting and/or management agreements with Mr.

2    Urquhart and Westhampton; (d) representing to Mr. Urquhart that he need not pay for the stock

3    of Mainland and Morgan Creek that he received; (e) terminating Mr. Urquhart from his

4    management positions and terminating Mr. Urquhart's and Westhampton's consulting

5    agreements; (f) refusing to compensate Mr. Urquhart and Westhampton for their services

6    rendered by refusing to pay consulting and/or management fees, refusing to reimburse incurred

7    expenses, placing untimely restrictions on Mr. Urquhart's ability to sell or transfer his Mainland

8    and Morgan Creek stock; (g) abdicating the power of Mainland and Morgan Creek's officers and

9    Board of Directors to individuals like Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard

10   who could not readily be held accountable for their actions; and (h) implying, suggesting, and/or

11   stating that shares of stock would not issue to Mr. Urquhart if he chose to exercise his Mainland

12   stock options.

13            1045.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

14   Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard intended to induce Mr. Urquhart and

15   Westhampton to rely and act upon such representations.

16            1046.   Mr. Urquhart and Westhampton justifiably and reasonably relied upon the

17   representations of Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce,

18   Mr. Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard.

19            1047.   Mr. Urquhart and Westhampton have sustained damages in excess of $75,000.00

20   as the result of said conduct.

21            1048.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

22   an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

23   to an award of reasonable attorney's fees and costs incurred in this matter.

24   ///

25   ///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 155 of 178

## TWENTY-THIRD CAUSE OF ACTION

**(Negligent Misrepresentation against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and Morgan Creek)**

1049.  Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-1048, inclusive.

1050.  Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek, in the course of their business in relation to the transfer of shares of stock in Mainland and/or Morgan Creek and the transfer of Mainland stock options to Mr. Urquhart and/or in the course of their business relating to Mr. Urquhart's and Westhampton's consulting and/or management services, supplied Mr. Urquhart and Westhampton with information concerning the transfer of the stock and/or stock options and the compensation terms of the consulting and/or management agreements.

1051.  The information supplied by Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek was false, as detailed *supra*, at ¶¶ 589-851.

1052.  Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek failed to exercise reasonable care or competence in obtaining the information and/or in communicating the information to Mr. Urquhart and Westhampton.

1053.  Mr. Urquhart and Westhampton justifiably relied on the information supplied by Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek.

1054.  As a result of Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek's false representations, Mr. Urquhart and Westhampton have been damaged in excess of $75,000.00.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 156 of 178

1   1055.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

2   an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

3   to an award of reasonable attorney's fees and costs incurred in this matter.

### TWENTY-FOURTH CAUSE OF ACTION
#### (Conversion against Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. King Horton, and Mr. Newport)

6   1056.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

7   contained in paragraphs 1-1055, inclusive.

8   1057.   Mr. Urquhart attempted to sell his 750,000 shares of common stock in Mainland,

9   but Mainland (post-May 2008 stock split), either of its own initiative and/or at the direction

10   and/or request of Abigail, Mr. Fedun, Ms. King Horton, and/or Mr. Newport, wrongfully placed

11   a legend on Mr. Urquhart's shares of stock preventing their transfer or sale.

12   1058.   Mainland also wrongfully implied, suggested, and/or stated that its Board of

13   Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 900,000

14   options in Mainland stock (post-May 2008 stock split), thereby preventing Mr. Urquhart from

15   exercising his stock options.

16   1059.   Morgan Creek wrongfully placed a legend on Mr. Urquhart's 521,111 shares of

17   stock in Morgan Creek (post-April 2008 stock split), thereby preventing their sale and/or

18   transfer.

19   1060.   As a result of their wrongful conduct, Abigail, Mainland, Morgan Creek, Mr.

20   Fedun, Ms. King Horton, and/or Mr. Newport committed, and continue to commit, distinct and

21   multiple acts of dominion wrongfully over Mr. Urquhart's property.

22   1061.   Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. King Horton, and/or Mr.

23   Newport's acts were in denial of and/or inconsistent with, Mr. Urquhart's title and rights therein.

24   1062.   Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. King Horton, and Mr.

25   Newport's acts were in derogation, exclusion, or defiance of Mr. Urquhart's title or rights in his

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 157 of 178

1 │ shares of stock in Mainland and/or Morgan Creek and in his Mainland stock options as

2 │ described *supra*, at ¶¶589-851.

3 │ 1063. As a result of Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. King Horton,

4 │ and/or Mr. Newport's conduct, Mr. Urquhart has suffered damages in excess of $75,000.00

5 │ 1064. It has been necessary for Mr. Urquhart to obtain the services of an attorney in

6 │ order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

7 │ attorney's fees and costs incurred in this matter.

8 │ ### TWENTY-FIFTH CAUSE OF ACTION

9 │ **(Intentional Interference with Prospective Economic Advantage against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport,**

10 │ **Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, and Morgan Creek)**

11 │ 1065. Mr. Urquhart and Westhampton reallege and reincorporate the allegations

12 │ contained in paragraphs 1-1064, inclusive.

13 │ 1066. During the relevant times of this dispute, Mr. Urquhart had a property interest in:

14 │ (a) 1,500,000 shares of Mainland stock (post-June 2009 stock split); (b) 1,800,000 options in

15 │ Mainland stock (post-June 2009 stock split); and (c) 521,111 shares of Morgan Creek stock

16 │ (post-April 2008 stock split), with the expectancy of a future economic benefit or advantage to

17 │ Mr. Urquhart by the sale of these securities in the open market.

18 │ 1067. Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

19 │ Cicci, Mr. Barbon, Empire and/or Morgan Creek knew that Mr. Urquhart intended to sell his

20 │ shares of Mainland and Morgan Creek stock in the open market and to exercise his shares of

21 │ Mainland stock options.

22 │ 1068. By wrongfully placing the legends on Mr. Urquhart's shares of Mainland and

23 │ Morgan Creek stock, preventing him from selling his shares of stock in the open market, as well

24 │ as by wrongfully rescinding the Abigail Agreement, the Fedun Agreement, the King Horton

25 │ Agreement, and the Newport Agreement, and wrongfully threatening that Mainland's Board of

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 158 of 178

1   Directors would not allow shares of stock to issue if Mr. Urquhart chose to exercise his 900,000

2   options in Mainland stock (post-May 2008 stock split), Abigail, Mainland, Mr. Fedun, Ms. King

3   Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire and/or Morgan Creek

4   intentionally interfered with Mr. Urquhart's economic expectancy and actually did interfere with

5   that economic expectancy.

6       1069.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr.

7   Cicci, Mr. Barbon, Empire and/or Morgan Creek's conduct was not excused by any privilege or

8   justification.

9       1070.   As a result of Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr.

10   Pierce, Mr. Cicci, Mr. Barbon, Empire and/or Morgan Creek's conduct, Mr. Urquhart has

11   suffered damages in excess of $75,000.00.

12       1071.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in

13   order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

14   attorney's fees and costs incurred in this matter.

15   **TWENTY-SIXTH CAUSE OF ACTION**

16   **(Breach of Fiduciary Duty against Mainland and Morgan Creek)**

17       1072.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

18   contained in paragraphs 1-1071, inclusive.

19       1073.   Mr. Urquhart, as a shareholder of Mainland, was owed the highest duty of care

20   and loyalty by Mainland.

21       1074.   Mr. Urquhart, as a shareholder of Morgan Creek, was also owed the highest duty

22   of care and loyalty by Morgan Creek.

23       1075.   As a result of the acts complained of and detailed *supra*, at ¶¶ 589-851, Mainland

24   and Morgan Creek breached its fiduciary duties to Mr. Urquhart.

25

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 159 of 178

1076.   As a result of Mainland and Morgan Creek's breach of their fiduciary duties, Mr. Urquhart has suffered damages in excess of $75,000.00.

1077.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable attorney's fees and costs incurred in this matter.

**TWENTY-SEVENTH CAUSE OF ACTION**

**(Conspiracy against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and Mr. Coulthard,)**

1078.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations contained in paragraphs 1-1077, inclusive.

1079.   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard, acting in concert, agreed and intended to accomplish an unlawful and wrongful objective; to wit: (a) the interference with and disruption of the Abigail Agreement, the Fedun Agreement, the King Horton Agreement, and the Newport Agreement between Mr. Urquhart and Abigail, Mr. Fedun, Ms. Horton, and Mr. Newport, respectively, or, in the alternative, between Mr. Urquhart and Mainland; (b) the interference with and disruption of the stock option agreement between Mr. Urquhart and Mainland; (c) the interference with and disruption of the oral agreements with Abigail, Mr. Fedun, Ms. King Horton, and Mr. Newport, or, in the alternative, with Mainland, regarding the fact that Mr. Urquhart did not have to pay the purchase price for the transfer of the Mainland stock to him; (d) the interference with and disruption of the stock transfer agreement between Mr. Urquhart and Morgan Creek; (e) the interference with and disruption of the executive services agreement between Mr. Urquhart and Westhampton and Morgan Creek; (f) the interference with and disruption of the oral agreement with Morgan Creek regarding the fact that Mr. Urquhart did not have to pay the purchase price for the transfer of the Morgan Creek Stock to him; (g) the interference with and disruption of the consulting and/or management agreements

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 160 of 178

1   between Mr. Urquhart and Westhampton and Mainland, Morgan Creek, and Pierco Petroleum

2   and/or Pierco Energy, respectively; (h) the interference with Mr. Urquhart's exercise and

3   attainment of a prospective economic advantage through the sale of the securities on the open

4   market; and (j) the breach of Mainland's and Morgan Creek's fiduciary duties to Mr. Urquhart.

5       1080.   In conducting the foregoing acts and in executing the object of the conspiracy,

6   Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr.

7   Barbon, Morgan Creek, and/or Mr. Coulthard were acting for the purpose of harming Mr.

8   Urquhart and Westhampton.

9       1081.   As a result of Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr.

10  Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard's conduct, Mr. Urquhart

11  and Westhampton have suffered damages in excess of $75,000.00.

12      1082.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

13  an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

14  to an award of reasonable attorney's fees and costs incurred in this matter.

15                       **TWENTY-EIGHTH CAUSE OF ACTION**

        **(Aiding and Abetting against Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport,**
16          **Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, and Mr. Coulthard)**

17      1083.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

18  contained in paragraphs 1-1082, inclusive.

19      1084.   Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr.

20  Barbon, Empire, and/or Mr. Coulthard knew or should have known of Mainland's and Morgan

21  Creek's improper conduct in placing the legends on Mr. Urquhart's unrestricted shares of

22  Mainland and Morgan Creek stock.

23      1085.   Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr.

24  Barbon, Empire, and/or Mr. Coulthard knew or should have known of Mainland's improper

25  conduct in implying, suggesting, and/or expressly threatening that its Board of Directors would

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 161 of 178

1   not allow shares of stock to issue if Mr. Urquhart chose to exercise his 900,000 options in

2   Mainland stock (post-May 2008 stock split).

3       1086.   Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr.

4   Barbon, Empire, and/or Mr. Coulthard substantially assisted Mainland and Morgan Creek's

5   breach of their fiduciary duties to Mr. Urquhart by instructing, requesting, and/or assisting

6   Mainland and Morgan Creek in placing legends on Mr. Urquhart's 750,000 shares of Mainland

7   stock (post-May 2008 stock split) and 521, 111 shares of Morgan Creek stock (post-April 2008

8   stock split).

9       1087.   Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr.

10  Barbon, Empire, and/or Mr. Coulthard substantially assisted Mainland's breach of its fiduciary

11  duties to Mr. Urquhart by instructing, requesting, and/or assisting Mainland in implying,

12  suggesting, and/or expressly threatening that its Board of Directors would not allow shares of

13  stock to issue if Mr. Urquhart chose to exercise his 900,000 options in Mainland stock (post-

14  May 2008 stock split.

15      1088.   Abigail, Mr. Fedun, Ms. King Horton, and/or Mr. Newport also substantially

16  assisted Mainland by rescinding the Abigail Agreement, the Fedun Agreement, the King Horton

17  Agreement, and the Newport Agreement with Mr. Urquhart.

18      1089.   Mr. Pierce, Mr. Cicci, and/or Mr. Barbon also substantially assisted Mainland

19  and Morgan Creek by falsely representing to Mr. Urquhart that no monies were due and owing

20  for the receipt of the 500,000 shares of Mainland stock (pre-May 2008 stock split) and the

21  1,563,333 shares of Morgan Creek stock (pre-April 2008 stock split).

22      1090.   Empire also substantially assisted Mainland by placing the improper legend on

23  Mr. Urquhart's 750,000 shares of Mainland stock (post-May 2008 stock split) and preventing

24  him from selling the shares on the open market.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 162 of 178

1      1091.   As a result of Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce,

2   Mr. Cicci, Mr. Barbon, Empire, and/or Mr. Coulthard's conduct, Mr. Urquhart has suffered

3   damages in excess of $75,000.00.

4      1092.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in

5   order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

6   attorney's fees and costs incurred in this matter.

7                          **TWENTY-NINTH CAUSE OF ACTION**

8                   **(Unjust Enrichment against Mainland and Morgan Creek)**

9      1093.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

10   contained in paragraphs 1-1092, inclusive.

11      1094.   The efforts expended by Mr. Urquhart and Westhampton in performing

12   consulting and/or management services to Mainland and Morgan Creek provided a benefit to

13   Mainland and Morgan Creek, which benefit in equity and good conscience belongs to Mr.

14   Urquhart and Westhampton.

15      1095.   The measure of this benefit is the reasonable value of Mr. Urquhart's and

16   Westhampton's consulting and managing services, which value will be proved at trial.

17      1096.   As of today, 1,500,000 shares of Mainland stock (post-June 2009 stock split) and

18   521,111 shares of Morgan Creek stock (post-April 2008 stock split) owned by Mr. Urquhart

19   cannot be sold or transferred on the open market.  This restriction has positively impacted

20   Mainland's and Morgan Creek's stock prices.  Therefore, Mainland and Morgan Creek have

21   been provided a benefit, which in equity and good conscience belongs to Mr. Urquhart.

22      1097.   The measure of this benefit is the difference between the current stock prices of

23   Mainland and Morgan Creek and the stock prices that reasonably could have occurred if Mr.

24   Urquhart had been permitted to sell and trade his shares of Mainland and Morgan Creek stock

25   on the open market, which value will be proved at trial.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 163 of 178

1    1098.   As of today, 1,800,000 options in Mainland stock (post-June 2009 stock split)

2    cannot be exercised, and Mr. Urquhart has been prevented from selling and/or trading the

3    subsequently-to-be-issued shares on the open market.  This wrongful prevention of the

4    exercising of Mr. Urquhart's stock options has positively impacted Mainland's stock prices.

5    Therefore, Mainland has been provided a benefit, which in equity and good conscience belongs

6    to Mr. Urquhart.

7    1099.   The measure of this benefit is the difference between the current stock prices of

8    Mainland and the stock prices that reasonably could have occurred if Mr. Urquhart had been

9    permitted to exercise his stock options and sell and trade his shares of Mainland stock on the

10   open market, which value will be proved at trial.

11   1100.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

12   an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

13   to an award of reasonable attorney's fees and costs incurred in this matter.

14
                                 **THIRTIETH CAUSE OF ACTION**
                           **(Specific Performance against Abigail, Mainland,**
15                  **Mr. Fedun, Ms. King Horton, Mr. Newport, Empire and Morgan Creek)**

16   1101.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

17   contained in paragraphs 1-1100, inclusive.

18   1102.   The terms of the Abigail Agreement, the Fedun Agreement, the King Horton

19   Agreement, and the Newport Agreement are definite and certain.

20   1103.   The terms of the oral agreement between Mr. Urquhart and Mainland are definite

21   and certain and unequivocally provide that Mr. Urquhart does not have to pay the purchase price

22   for his receipt of the 500,000 shares of Mainland stock (pre-May 2008 stock split).

23   1104.   The terms of the stock option agreement between Mr. Urquhart and Mainland are

24   definite and certain.

25

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 164 of 178

1      1105.   The terms of the stock transfer agreement between Mr. Urquhart and Morgan

2  Creek and definite and certain.

3      1106.   The terms of the oral agreement between Mr. Urquhart and Morgan Creek are

4  definite and certain and unequivocally provide that Mr. Urquhart does not have to pay the

5  purchase price for his receipt of the 1,563,333 shares of Morgan Creek stock (pre-April 2008

6  stock split).

7      1107.   Pursuant to NRS 104.8204 and Rule 144 of the Securities Act of 1933, Mr.

8  Urquhart has unrestricted ownership of: (a) 1,500,000 shares of Mainland stock (post-June 2009

9  stock split); (b) 521,111 shares of Morgan Creek stock (post-April 2008 stock split); and (c)

10  1,800,000 options in Mainland stock (post-June 2009 stock split).

11      1108.   Mr. Urquhart has no adequate remedy at law to relieve the damage and harm

12  suffered as a result of Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mainland, and/or

13  Empire's placement of an improper restriction on the sale or transfer of Mr. Urquhart's shares of

14  Mainland stock.

15      1109.   Mr. Urquhart has no adequate remedy at law to relieve the damage and harm

16  suffered as a result of Morgan Creek's placement of an improper restriction on the sale or

17  transfer of Mr. Urquhart's shares of Morgan Creek stock.

18      1110.   Mr. Urquhart has no adequate remedy at law to relieve the damage and harm

19  suffered as a result of Mainland's threats to refuse to issue stock if Mr. Urquhart exercises his

20  Mainland stock options.

21      1111.   Mr. Urquhart has no adequate remedy at law, because he intended to maintain at

22  least a partial ownership interest in both Mainland and Morgan Creek, taking advantage of the

23  low purchase and strike prices for the Mainland and Morgan Creek stock and stock options

24  given to him.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 165 of 178

1       1112.  Mr. Urquhart is ready, willing, and able to tender performance and to pay

2   Abigail, Mr. Fedun, Ms. King Horton, and Mr. Newport for the 500,000 shares of Mainland

3   stock (pre-May 2008 stock split).

4       1113.  Mr. Urquhart is ready, willing, and able to tender performance and to pay

5   Morgan Creek for the 1,563,333 shares of Morgan Creek stock (pre-April 2008 stock split).

6       1114.  Mr. Urquhart is ready, willing, and able to tender performance and to pay

7   Mainland the stock exercise price for the 1,800,000 options in Mainland stock (post-June 2009

8   stock split).

9       1115.  Mr. Urquhart is entitled to an Order compelling Abigail, Mainland, Mr. Fedun,

10  Ms. King Horton, Mr. Newport, and Empire to tender 1,500,000 un-legended, unrestricted

11  shares of Mainland stock (post-June 2009 stock split) to Mr. Urquhart.

12      1116.  Mr. Urquhart is entitled to an Order compelling Mainland to tender 1,800,000 un-

13  legended, unrestricted options in Mainland stock (post-June 2009 stock split) to Mr. Urquhart

14  and allowing him to exercise these options in exchange for shares of Mainland stock.

15      1117.  Mr. Urquhart is entitled to an Order compelling Morgan Creek to tender 521,111

16  un-legended, unrestricted shares of Morgan Creek stock (post-April 2008 stock split) to Mr.

17  Urquhart.

18      1118.  It has been necessary for Mr. Urquhart to obtain the services of an attorney in

19  order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

20  attorney's fees and costs incurred in this matter.

### THIRTY-FIRST CAUSE OF ACTION
21
**(Injunctive Relief against Abigail, Mainland, Mr. Fedun,**
22  **Ms. King Horton, Mr. Newport, Morgan Creek, and Empire)**

23      1119.  Mr. Urquhart and Westhampton reallege and reincorporate the allegations

24  contained in paragraphs 1-1118, inclusive.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 166 of 178

1120.   Abigail, Mr. Fedun, Ms. King Horton, and Mr. Newport have attempted to rescind the Abigail Agreement, the Fedun Agreement, the King Horton Agreement, and the Newport Agreement, and they directed, instructed, and/or requested that Mainland place a legend on Mr. Urquhart's 1,500,000 shares of Mainland stock (post-June 2009 stock split), thereby preventing him from selling and/or trading his shares of stock on the open market.

1121.   Mainland continues to refuse to remove the improper legend from Mr. Urquhart's 1,500,000 shares of Mainland stock (post-June 2009 stock split), thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

1122.   Empire continues to refuse to tender 1,500,000 shares of Mainland stock (post-June 2009 stock split) to Mr. Urquhart, thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

1123.   Morgan Creek continues to refuse to remove the improper legend form Mr. Urquhart's 521,111 shares of Morgan Creek stock (post-April 2008 stock split), thereby preventing Mr. Urquhart from selling and/or trading his shares on the open market.

1124.   Mainland continues to imply, suggest, and/or expressly threaten that it will refuse to issue stock if Mr. Urquhart exercises his 1,800,000 options in Mainland stock (post-June 2009 stock split), thereby preventing Mr. Urquhart from selling and/or trading some or all of these to-be-issued shares on the open market, and in fact cancelled Mr. Urquhart's options in February 2009.

1125.   Pursuant to NRS 104.8204 and Rule 144 of the Securities Act of 1933, Mr. Urquhart has unrestricted ownership of: (a) 1,500,000 shares of Mainland stock (post-June 2009 stock split); (b) 521,111 shares of Morgan Creek stock (post-April 2008 stock split); and (c) 1,800,000 options in Mainland stock (post-June 2009 stock split).

1126.   The continuing existence of the legends on Mr. Urquhart's shares of Mainland and Morgan Creek stock constitute a continuing and irreparable injury to Mr. Urquhart.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1     1127.   The continuing threat to refuse to issue stock upon the exercise of Mr. Urquhart's

2     stock options also constitutes a continuing and irreparable injury to Mr. Urquhart.

3     1128.   Mr. Urquhart has been irreparably injured because he intended to maintain at

4     least a partial ownership interest in both Mainland and Morgan Creek, taking advantage of the

5     low purchase and strike prices for the Mainland and Morgan Creek stock and stock options

6     given to him.

7     1129.   Mr. Urquhart therefore seeks preliminary and permanent injunctive relief

8     compelling: (a) Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Empire, and

9     Morgan Creek to remove the legends and any other restrictions from Mr. Urquhart's shares of

10    Mainland  and Morgan Creek stock; and (2) Mainland to issue stock to Mr. Urquhart pursuant to

11    the terms of the parties' stock option agreement, if and when Mr. Urquhart chooses to exercise

12    his Mainland stock options.

13    1130.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in

14    order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

15    attorney's fees and costs incurred in this matter.

16                         **THIRTY-SECOND CAUSE OF ACTION**

17    **(Declaratory Judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.**
      **Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, and Mr. Coulthard)**

18

19    1131.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

20    contained in paragraphs 1-1130, inclusive.

21    1132.   A justiciable controversy exists between Mr. Urquhart and Westhampton and

22    Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr.

23    Cicci, Mr. Barbon, and/or Mr. Coulthard pursuant to the Uniform Declaratory Judgment Act,

24    NRS 30.010, *et seq.*  Such a controversy exists where a claim of right is asserted against one

25    who has an interest in contesting the claim of right.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 168 of 178

1      1133.   Mr. Urquhart and Westhampton have a legally-protectable interest in prosecuting

2   this claim, and this interest is adverse to the interests of Abigail, Mainland, Mr. Fedun, Ms. King

3   Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard.

4      1134.   The issues involved in this controversy are ripe for judicial determination.

5      1135.   This Court has the power to declare the rights, status, and other legal

6   relationships between Mr. Urquhart, Westhampton, Abigail, Mainland, Mr. Fedun, Ms. King

7   Horton, Mr. Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard.

8      1136.   Accordingly Mr. Urquhart and Westhampton seek a declaratory judgment

9   pursuant to NRS 30.010, *et seq.*, as follows:

10          A.      That Mr. Urquhart is the owner of 1,500,000 un-legended, unrestricted

11   shares of common stock in Mainland (post-June 2009 stock split);

12          B.      That Mr. Urquhart is the owner of 1,800,000 options in Mainland stock

13   (post-June 2009 stock split);

14          C.      That Mr. Urquhart is the owner of 521,111 un-legended, unrestricted

15   shares of common stock in Morgan Creek (post-April 2008 stock split);

16          D.      That Mr. Pierce, Mr. Cicci, and/or Mr. Barbon are the alter egos of

17   Morgan Creek;

18          E.      That Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard,

19   collectively or individually, are the alter egos of Mainland;

20          F.      That Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, collectively or

21   individually, are the actual, implied, and/or apparent agents of Abigail, Mainland, Morgan

22   Creek, Mr. Fedun, Ms. Horton, and/or Mr. Newport, for the purposes of the negotiation and

23   execution of: (a) the Abigail Agreement, the Fedun Agreement, the King Horton Agreement,

24   and the Newport Agreement; (b) the stock option agreement between Mainland and Mr.

25   Urquhart; (c) the oral purchase price agreements between Mr. Urquhart and Abigail, Mr. Fedun,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 169 of 178

1    Ms. King Horton, and Mr. Newport; (d) the consulting agreement between Mainland and Mr.

2    Urquhart and Westhampton; (e) the Morgan Creek executive services agreement; (f) the stock

3    transfer agreement between Morgan Creek and Mr. Urquhart; (g) the oral purchase price

4    agreement between Mr. Urquhart and Morgan Creek; (h) the consulting and/or management

5    agreement between Morgan Creek and Mr. Urquhart and Westhampton; and (h) the general

6    operation and administration of Mainland and Morgan Creek; and

7              G.       That Abigail, Mr. Fedun, Mr. Newport, and/or Ms. King Horton,

8    collectively and/or individually, are the actual, implied, and/or apparent agents of Mainland for

9    the purposes of the negotiation and execution of: (a) the Abigail Agreement, the Fedun

10   Agreement, the King Horton Agreement, and the Newport Agreement; and (b) the oral purchase

11   price agreements between Mr. Urquhart and Abigail, Mr. Fedun, Ms. King Horton, and Mr.

12   Newport.

13        1137.   It has been necessary for Mr. Urquhart and Westhampton to obtain the services of

14   an attorney in order to seek relief in this matter, and Mr. Urquhart and Westhampton are entitled

15   to an award of reasonable attorney's fees and costs incurred in this matter.

16                         **THIRTY-THIRD CAUSE OF ACTION**

17                    **(Violation of NRS 104.8401 against Mainland)**

18        1138.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

19   contained in paragraphs 1-1137, inclusive.

20        1139.   Mainland is the issuer of the 1,500,000 shares of stock (post-June 2009 stock

21   split) to Mr. Urquhart.

22        1140.   Mr. Urquhart requested that Mainland register the transfer of his securities so that

23   he could sell a portion of his shares of Mainland stock on the open market.

24        1141.   Mainland had a duty to register a transfer of the securities.

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 170 of 178

1     1142.   Mainland has unreasonably and without justification delayed and refused to

2    register the shares of Mainland stock for transfer.

3     1143.   Mainland's conduct is a violation of NRS 104.8401.

4     1144.   As a direct and proximate result of Mainland's violation of NRS 104.8401, Mr.

5    Urquhart has incurred damages in an amount to be proven at trial.

6     1145.   It has been necessary for Mr. Urquhart to obtain the services of an attorney in

7    order to seek relief in this matter, and Mr. Urquhart is entitled to an award of reasonable

8    attorney's fees and costs incurred in this matter.

9                    **THIRTY-FOURTH CAUSE OF ACTION**

   **(Corporate Veil against Mr. Coulthard, Mr. Pierce, Mr. Cicci, and Mr. Barbon)**

10
      1146.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

11   contained in paragraphs 1-1145, inclusive.

12
      1147.   In engaging in the acts described above, Mr. Pierce, Mr. Cicci, Mr. Barbon,

13   and/or Mr. Coulthard acted as the alter egos of Mainland and Morgan Creek.  Specifically:

14
             A.      Mr. Pierce, Mr. Cicci, and/or Mr. Barbon, collectively or individually,

15   influenced and governed Morgan Creek;

16
             B.      Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard, collectively or

17   individually, influenced and governed Mainland;

18
             C.      There was such an unity of interest and ownership that Mr. Pierce, Mr.

19   Cicci, Mr. Barbon, and Morgan Creek were inseparable from one another;

20
             D.      There was such an unity of interest and ownership that Mr. Pierce, Mr.

21   Cicci, Mr. Barbon, Mr. Coulthard, and Mainland were inseparable from one another;

22
             E.      Adherence to the fiction of a separate entity would sanction fraud or

23   promote a manifest injustice, as set out in detail *supra*.

24
      1148.   Mr. Pierce, Mr. Cicci, and/or Mr. Barbon are liable for the acts of Morgan Creek,

25   as described *supra*, at ¶¶ 589-851.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 171 of 178

1    1149.   Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard are liable for the acts of

2    Mainland, as described *supra*, at ¶¶589-851.

3                              **THIRTY-FIFTH CAUSE OF ACTION**

4    **(Punitive Damages against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport,**
     **Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, and Mr. Coulthard)**

5

6    1150.   Mr. Urquhart and Westhampton reallege and reincorporate the allegations

7    contained in paragraphs 1-1149, inclusive.

8    1151.   As to the acts and allegations regarding the wrongful acts and breach of

9    obligations not arising from contract, Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

10   Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, and/or Mr. Coulthard have

11   been guilty of oppression, fraud, or malice, express or implied, thereby entitled Mr. Urquhart

12   and Westhampton to an award of punitive damages, in an amount to be proved at trial.

13   WHEREFORE Mr. Urquhart and Westhampton prays for judgment against Abigail,

14   Mainland, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon,

15   Morgan Creek, Empire, and/or Mr. Coulthard as follows:

16   1.      For judgment against Abigail for breach of contract in an amount to be proven at

17   trial;

18   2.      For judgment against Mr. Fedun for breach of contract in an amount to be proven

19   at trial;

20   3.      For judgment against Ms. King Horton for breach of contract in an amount to be

21   proven at trial;

22   4.      For judgment against Mr. Newport for breach of contract in an amount to be

23   proven at trial;

24   5.      For judgment against Mainland for breach of contract in an amount to be proven

25   at trial;

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1       6.    For judgment against Morgan Creek for breach of contract in an amount to be

2  proven at trial;

3       7.    For judgment against Abigail for contractual breach of the implied covenant of

4  good faith and fair dealing in an amount to be proven at trial;

5       8.    For judgment against Mr. Fedun for contractual breach of the implied covenant of

6  good faith and fair dealing in an amount to be proven at trial;

7       9.    For judgment against Ms. King Horton for contractual breach of the implied

8  covenant of good faith and fair dealing in an amount to be proven at trial;

9      10.    For judgment against Mr. Newport for contractual breach of the implied covenant

10  of good faith and fair dealing in an amount to be proven at trial;

11      11.    For judgment against Mainland for contractual breach of the implied covenant of

12  good faith and fair dealing in an amount to be proven at trial;

13      12.    For judgment against Morgan Creek for contractual breach of the implied

14  covenant of good faith and fair dealing in an amount to be proven at trial;

15      13.    For a judgment against Abigail for promissory estoppel in an amount to be

16  proven at trial;

17      14.    For a judgment against Mr. Fedun for promissory estoppel in an amount to be

18  proven at trial;

19      15.    For a judgment against Ms. King Horton for promissory estoppel in an amount to

20  be proven at trial;

21      16.    For a judgment against Mr. Newport for promissory estoppel in an amount to be

22  proven at trial;

23      17.    For a judgment against Mainland for promissory estoppel in an amount to be

24  proven at trial;

25

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1      18.    For a judgment against Morgan Creek for promissory estoppel in an amount to be

2  proven at trial;

3      19.    For a judgment against Mainland for tortious breach of the implied covenant of

4  good faith and fair dealing in an amount to be proven at trial;

5      20.    For a judgment against Morgan Creek for tortious breach of the implied covenant

6  of good faith and fair dealing in an amount to be proven at trial;

7      21.    For a judgment against Mainland, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or

8  Empire, jointly and severally, for interference with contract in an amount to be proven at trial;

9      22.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

10  Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and/or  Mr. Coulthard, jointly and

11  severally, for fraud in an amount to be proven at trial;

12      23.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

13  Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Morgan Creek, jointly and severally, for

14  negligent misrepresentation in an amount to be proven at trial;

15      24.    For a judgment against Abigail, Mainland, Morgan Creek, Mr. Fedun, Ms. King

16  Horton, and/or Mr. Newport, jointly and severally, for conversion in an amount to be proven at

17  trial;

18      25.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

19  Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Empire, and/or Morgan Creek, jointly and

20  severally, for intentional interference with prospective economic advantage in an amount to be

21  proven at trial;

22      26.    For a judgment against Mainland and/or Morgan Creek, jointly and severally, for

23  breach of fiduciary duty in an amount to be proven at trial;

24

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1    27.    For a judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

2    Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, and/or Mr. Coulthard, jointly and

3    severally, for conspiracy in an amount to be proven at trial;

4    28.    For judgment against Abigail, Mr. Fedun, Ms. King Horton, Mr. Newport, Mr.

5    Pierce, Mr. Cicci, Mr. Barbon, Empire, and/or Mr. Coulthard, jointly and severally, for aiding

6    and abetting in an amount to be proven at trial;

7    29.    For judgment against Mainland and/or Morgan Creek, jointly and severally, for

8    unjust enrichment in an amount to be proven at trial;

9    30.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

10   Newport, Empire and/or Morgan Creek, jointly and severally, for specific performance;

11   31.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

12   Newport, Morgan Creek, and/or Empire, jointly and severally, for injunctive relief;

13   32.    For judgment against Abigail, Mainland, Mr. Fedun, Ms. King Horton, Mr.

14   Newport, Morgan Creek, Mr. Pierce, Mr. Cicci, Mr. Barbon, and/or Mr. Coulthard, jointly and

15   severally, for declaratory judgment;

16   33.    For judgment against Mainland for violation of NRS 104.8401 in an amount to be

17   proven at trial;

18   34.    For judgment against Mr. Pierce, Mr. Coulthard, Mr. Cicci, and/or Mr. Barbon,

19   jointly and severally, as the alter ego of Mainland and/or Morgan Creek;

20   35.    For an award of punitive damages against Abigail, Mainland, Mr. Fedun, Ms.

21   King Horton, Mr. Newport, Mr. Pierce, Mr. Cicci, Mr. Barbon, Morgan Creek, Empire, and/or

22   Mr. Coulthard, jointly and severally, in an amount to be proven at trial;

23   36.    For an award of attorney's fees as permitted by law;

24   37.    For an award of the costs incurred in bringing and maintaining this litigation as

25   permitted by law;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

38.    For such other and further relief as the court deems proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Urquhart and Westhampton

demand a jury trial of all issues so triable.

DATED this 23rd day of June, 2010.

BAILEY❖KENNEDY

By: _____
Dennis L. Kennedy, Nevada Bar No. 1462
Sarah E. Harmon, Nevada Bar No. 8106
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
dkennedy@baileykennedy.com
sharmon@baileykennedy.com

Attorneys for Defendants/Counter-Claimants
DAVID URQUHART and
WESTHAMPTON, LTD.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 176 of 178

1

## **CERTIFICATE OF SERVICE**

2

3    In accordance with Fed. R. Civ. P. 5, I certify that I am an employee of

4    Bailey❖Kennedy and that on the 23rd day of June, 2010, a copy of the foregoing Defendant

David Urquhart's Answer to Plaintiff's Complaint and Jury Demand and Counter-Claimants
5
David Urquhart and Westhampton, Ltd.'s Amended Counter-Complaint and Jury Demand was
6
served on the parties by filing and serving the same using the ECF system or by United States
7
mail postage prepaid as follows:
8

9    Steve L. Morris, Esq.
     Morris Peterson
10   300 South Fourth Street, #900
     Las Vegas, NV 89101
11   *Attorneys for Counter-defendant*
     *Mainland Resources, Inc.*
12

13   George F. Ogilvie III, Esq.
     Craig A. Newby, Esq.
14   McDonald Carano Wilson LLP
     2300 W. Sahara Avenue, Ste. 1000
15   Las Vegas, NV 89102
     *Attorneys for Counter-defendant Morgan*
16   *Creek Energy Corporation*

17

18   Mark A. Hutchison
     Hutchison & Steffen
19   Peccole Professional Park
     10080 W. Alta Drive, Ste. 200
20   Las Vegas, NV 89145
     *Attorneys for Counter-defendants Robert Fedun,*
21   *Simeon King Horton, and Michael Newport*

22   Harold P. Gewerter, Esq.
     2705 Airport Drive
23   North Las Vegas, NV 89032
     *Attorneys for Counter-defendant*
24   *Empire Stock Transfer, Inc.*

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  J. Stephen Peek
   Holland & Hart LLP
2  3800 Howard Hughes Pkwy, 10th Fl.
   Las Vegas, NV  89169
3
   Christopher B. Wells
4  David C. Spellman
   Lane Powell PC
5  1420 Fifth Avenue, Ste. 4100
   Seattle, WA  98101
6  *Attorneys for Counter-defendants Brent Pierce,*
7  *Gino Cicci, and Vaughn Barbon*

8  Patrick G. Byrne
   Aaron D. Ford
9  Snell & Wilmer
10 3883 Howard Hughes Parkway, #1100
   Las Vegas, NV  89169
11 *Attorneys for Plaintiff/Counter-defendant*
   *Abigail Investments, LLC and Counter-defendant*
12 *Byron Coulthard*

13

14

15                              */s/Susan Russo*
                               *Susan Russo,* an employee with
16                             BAILEY❖KENNEDY

17

18

19

20

21

22

23

24

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

Page 178 of 178